Calvin Eben **PAXTON**, Petitioner,

v.

**Honorable Court PAPPE, Judge of the District Court of Kingfisher County, Oklahoma, et al., Respondents.**

**No. 50090.**

Supreme Court of Oklahoma.

Oct. 19, 1976.

Rehearing Denied March 21, 1977.

William D. Graves, Oklahoma City, for petitioner.

SIMMS, Justice.

Petitioner, Calvin Paxton, seeks habeas corpus releasing him from imprisonment following adjudication and sentencing for direct contempt. Petitioner further seeks prohibition against the District Judge of Kingfisher County, Oklahoma, from further proceeding against petitioner as and for direct contempt.

Petitioner was defendant in a postdivorce decree proceeding commenced September 15, 1975 in the District Court of Kingfisher County. On August 8, 1975, Paxton was adjudged to be in indirect contempt for failure to comply with the provisions of the November 8, 1972, Decree of Divorce as it related to payment of child support. After being found guilty of indirect contempt for non-compliance with the court's child-support order, petitioner was placed in custody of the Kingfisher County Sheriff until the calculated support arrearage was paid.

Petitioner was released from jail on September 4, 1975, because he had partially purged himself of the indirect contempt by paying $500 on the arrearage, and his release from custody was further conditioned on payment of an increased amount of monthly child support, a part of which was to be applied on the arrearage.

As a result of the prior indirect contempt proceedings and petitioners purported non-compliance with judicial orders governing child support payments, a bench warrant was issued by the Clerk of the Kingfisher County District Court on August 5, 1976, commanding the arrest of the petitioner and his presentment before the district court on September 3, 1976. A copy of the motion and disposition docket submitted in these proceedings reflects that petitioner's matter was to be heard on September 3rd.

Near 4 p. m. on Sunday, August 29, 1976, the judge who presided over the indirect contempt proceedings drove his pick-up truck, hauling sundry items of trash, to the Kingfisher County Solid Waste Disposal Site, where petitioner worked as an employee of the Kingfisher County Commissioners.

At the disposal site, words were exchanged between petitioner and the judge. Petitioner alleges that the judge struck petitioner several times with a broom. On the other hand, the judge insists that he had no broom and never struck petitioner, but that petitioner used vile and abusive language directed toward the judge, that petitioner struck the judge, and that the judge "never laid a hand" on petitioner.

In either event, the August 5 bench warrant was accelerated to require petitioner's appearance before the judge the following Monday, August 30.

Admittedly, no journal entry reciting the facts upon which the finding of direct contempt rested was filed in the case at the time of hearing before this Court. However, the appearance docket entry of August 30 reads as follows and is self-explanatory:

"Defendant Paxton appeared before the Court: The Court stated that at 4:15 Sunday afternoon (Aug. 29, 1976). Defendant Calvin Paxton threatened and insulted the Judge; Defendant Paxton said he was going to beat the Judge up. Defendant Paxton grabbed the Judges left arm and swung and hit the Judge's right jaw; Judge advised that the Defendant Paxton was in Direct Contempt of Court for assaulting the Judge and the

Defendant was fined $500.00 and sentenced to thirty (30) days in the county jail; Bench Warrant for citation continued for 30 days."

The following day, defendant was brought before the judge and told he was entitled to appeal the judge's finding of direct contempt within ten (10) days and bond was set in the amount of $2,500.00.

After petitioner was remanded to the custody of the sheriff for execution of the sentence for direct contempt, he filed the instant action in Oklahoma's Court of Criminal Appeals, which entered a written order transferring the matter to this Court. After oral argument, this Court, by order, reduced petitioner's bond to $1,000.00.

■ Petitioner argues that at the site of the disposal plant, the judge was neither acting as court nor magistrate conducting judicial proceedings, and that petitioner's behavior, assuming it to be as alleged, was not committed during session of court nor in view or presence of court so as to interrupt judicial proceedings. Petitioner therefore maintains that as a matter of law, he cannot be subjected to direct contempt proceedings.

In support of this contention, petitioner relies upon *Ex parte Ballew,* 20 Okl.Cr. 105, 201 P. 525 (1921). *Ballew* involved a district judge citing Ballew for direct contempt for an assault upon the judge near the entrance to a barber shop on the street in Ardmore, Oklahoma, after court hours. The assault in *Ballew* apparently grew out of remarks made by the judge while presiding over a Court of Inquiry as authorized by our now repealed Prohibitory Liquor Law. The finding of contempt in *Ballew* was held a nullity because the alleged contemptuous conduct did not interfere with a judicial function.

The opinion in *Ballew* applied the rule of "Expressio unius est exclusio alterius" as that doctrine applies to the statutory definition of direct contempt. The reasoning of *Ballew* was that since the legislature had expressly defined those acts which might be direct contempt, all purported direct contemptuous conduct not embraced within the terms of the statute could not be punishable as direct contempt.

*Ballew, supra,* however was expressly overruled by *Hosmer v. State,* 24 Okl.Cr. 312, 218 P. 164 (1923) which involved possible mutual combat between a judge and a contemner in the judge's office following vacation of a judgment previously rendered in favor of the contemner's son.

In *Hosmer,* at page 168, the opinion reads:

"The holding of this court in *Ex parte Ballew,* [20 Okl.Cr. 105], 201 P. 525, that the rule of statutory construction, 'Expressio unius est exclusio alterius,' applies to statutory regulations governing contempts, is overruled. We hold that, if the assault in the *Ballew* Case grew out of a pending injunction, it amounted to a direct contempt, punishable as at common law, subject to the modification in our Constitution; if it grew out of personal matters not connected with pending or past litigation, it was not a contempt of court, either direct or indirect. From the record in the *Ballew* Case it was impossible to ascertain definitely the exact cause or purpose of the assault made upon the judge."

In the instant case, there is no transcript of any trial court proceeding before us. Here, as in *Ballew,* we are unable to ascertain the exact cause or purpose of the alleged assault upon the judge.

■ Petitioner also complains that he was not afforded his right to a hearing before imposition of sentence for contempt as is provided for in Art. 2, Okla.Const. § 25. We pointedly observe that this contention remains unrefuted and is sufficient of and in itself to vitiate the judgment and sentence for contempt. See, *Nuckols v. Van Wagner,* Okl.Cr., 511 P.2d 1110 (1973).

■ In *State ex rel. Young v. Woodson,* Okl., 522 P.2d 1035 (1974), we emphasized the legal necessity of affording a person adjudged in direct contempt the opportunity to be heard before sentence. In *Woodson,* we also declared as Court Rules the

American Bar Association Standards of Criminal Justice as guidelines to trial judges in dealing with direct contempts. Among those standards, we find that a direct contempt matter should be referred to another judge if the trial judge's conduct was so integrated with the contempt that he contributed to it or was otherwise involved, or his objectivity can reasonably be questioned.

It is apparent that the dictates of *Woodson*, in so far as referring the matter to an impartial jurist, were overlooked in the instant case.

Under the facts and circumstances of this case, which have been revealed in the record, we conclude that the objectivity of the trial judge is reasonably questionable.

Because petitioner was not afforded his constitutional right to be heard as provided by Art. 2, § 25, Okla.Const., we hereby grant habeas corpus, vacate sentence for contempt, and order the petitioner discharged from custody.

Due to the absence of a transcript, it is impossible to judicially determine whether or not the alleged acts of petitioner constituted direct contempt, and we therefore vacate the adjudication of direct contempt. The Writ of Prohibition is Granted against the trial judge, and the cause remanded to be heard by another judge, who will be called upon to make the fact determination of whether or not the purported acts arose out of the post-divorce decree litigation and contemptuous in nature, or were purely personal in character.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED. WRIT OF PROHIBITION GRANTED. WRIT OF HABEAS CORPUS ISSUE.

All the Justices concur.