**William B. SCHEIDT, Petitioner,**

**v.**

**Arthur Lory RAKESTRAW, Special District Judge, and the District Court of Oklahoma County, State of Oklahoma, Respondents.**

**No. P–76–20.**

Court of Criminal Appeals of Oklahoma.

April 6, 1976.

'O. B. Martin, Oklahoma City, for petitioner.

Walter M. Powell, Municipal Counselor, Edmond F. Geary, Asst. Municipal Counselor, for respondents.

## OPINION

BLISS, Judge:

This is an original proceeding filed herein in which petitioner asks this Court to invoke original jurisdiction, grant his petition and direct a writ of prohibition to the respondents commanding them to desist and refrain from further proceedings in District Court cases numbered CA–75–296, CA–75–297 and CA–75–298, each being an appeal by him from a conviction in the Municipal Court in and for Oklahoma City (*a court not of record*) for alleged violation in each case of a municipal ordinance requiring certain barriers and other protective devices about swimming pools within the City, and alleged to be applicable to three pools in apartment complexes under the control of petitioner.

In three earlier cases and on January 10, 1975, the District Court had held appeals from the Municipal Court for the petitioner (defendant therein) that the ordinance was unconstitutional, being an ex post facto law as to the petitioner. There being no appeal procedure for the City, none was taken in either of the three cases. About six months later the City began anew three further prosecutions against the petitioner involving the same three pools and the same ordinance. He was found guilty by the Municipal Court and he lodged the three appeals in the above numbered cases in the District Court. In the case before us, he seeks prohibition against the District Court, it having denied his motion from proceeding with the trial de novo of the cases because he contends that the District Court's judgment of January 10, 1975, entered in the three prior cases amounts to collateral estoppel and bars further prosecution by the City.

The first question before us is, when may this Court issue a writ of prohibition?

Article 7, Section 4 of the Constitution of the State of Oklahoma provides in pertinent part as follows:

"[E]xcept that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute . . . The original jurisdiction of the Supreme Court shall extend to a general superintendent control over all inferior courts and all Agencies, Commissions and Boards created by law. The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute."

Since statehood we have had these applicable statutes:

"The Criminal Court of Appeals shall have exclusive appellate jurisdiction, co-extensive with the limits of the State, in all criminal cases *appealed from the district, superior and county courts, and such other courts of record* as may be established by law." 20 O.S.1971 § 40 (Emphasis Added)

and

"Said court and judges therof shall have the power to issue writs of habeas corpus; and under such regulations as may be prescribed by law, issue such writs as may be necessary to exercise its jurisdiction;" 20 O.S.1971, § 41

In *State v. Lackey,* 97 Okl.Cr. 41, 257 P.2d 849 (1953), we stated:

"The writ of prohibition lies only as between courts which sustain to each other the relation of superior and inferior, and cannot issue from a court to prohibit another court which is in no manner subordinate or inferior to it."

An inferior court has been judicially defined, and properly so, by the Supreme Court of New Mexico in *State ex rel.*

*Harvey v. Medler*, 19 N.M. 252, 142 P. 376 as follows:

"[A] Court is inferior to another when it is placed under the supervisory or appellate control of such other court."

Assuming, without deciding, that 11 O.S.1971, § 958.14, authorizing a defendant to appeal from his conviction from the Municipal Court (a court not of record) and the statute under which petitioner herein as a defendant has lodged the three (3) pending cases above referred to, is constitutional, then we must determine if an appeal may be taken from judgment and sentence to be pronounced in these cases to the Court of Criminal Appeals.

 Both parties herein agree and assert there is no appeal to the Court of Criminal Appeals by the City from judgment and sentence pronounced by the District Court in its trial de novo of a case appealed from the Municipal Court for violation of a city ordinance. The parties are correct in this position. No such appeal is authorized.

But is the defendant permitted to appeal to this Court from such judgment and sentence? We find no statutory provision which permits him to do so. His appeal to the District Court under Section 958.14, supra, is final. Prior to January 13, 1969, one convicted in the Municipal Court (court not of record) could appeal to the County Court, where trial was de novo, see 11 O.S.1961, § 752, and if convicted there, he could appeal to the Court of Criminal Appeals, see 11 O.S.1961, § 752, but those statutes were repealed by Chapter 391, Section 24, Oklahoma Session Laws of 1968 (Second Regular Session), approved May 17, 1968, effective January 13, 1969.

Accordingly, this Court exercises no appellate jurisdiction over the District Court of Oklahoma County in the three cases now pending before it and above referred to.

Certainly, under Article 7, Section 4 of the Constitution of Oklahoma, supra, this Court has no supervisory or superintendent control over the District Court in said cases.

Hence, insofar as said pending cases are concerned, the relationship of superior and inferior does not exist between this Court and the District Court, and under the rule in *State v. Lackey*, supra, we do not have the authority to exercise the issuance of writ of prohibition. Such writ will not issue but be DENIED.

BRETT, P. J., and BUSSEY, J., concur.