**CITY OF TULSA, Oklahoma, Appellant,**

v.

**Vivian Elaine KING, Appellee.**

**CITY OF TULSA, Oklahoma, Appellant,**

v.

**George Wayne YEAGER, Appellee.**

**Nos. 0–77–464, 0–77–410.**

Court of Criminal Appeals of Oklahoma.

Feb. 16, 1978.

Rehearing Denied March 2, 1978.

Waldo F. Bales, City Atty., Edward J. Hicks, III, John L. Geb, Asst. City Attys., for appellant.

No appearance for appellee (Vivian Elaine King).

Wayne Woody, Tulsa, for George Wayne Yeager.

OPINION

BUSSEY, Presiding Judge:

The City of Tulsa appeals from a ruling of a Judge of the Municipal Criminal Court sustaining a defendant's demurrer to the City's evidence (0–77–410), and a decision by a Judge of the Municipal Criminal Court sustaining a defendant's motion to suppress evidence (0–77–464). For the sake of economy and convenience we have consolidated these cases on our own motion.

The Municipal Criminal Court of the City of Tulsa was created by the Municipal Criminal Court of Record Act of 1970, Laws 1970, Chapter 174, now 11 O.S.1971, §§ 781 et seq. That act created such courts in all

 

cities having a population of more than 125,000, and set forth the procedures to be used by such courts. Appeals are provided for in 11 O.S.1971, § 808, which provides as follows:

"Appeals may be taken from a judgment or order of municipal criminal courts of record to the Court of Criminal Appeals in the same manner and to the extent that appeals are now taken from the district courts to the Court of Criminal Appeals in criminal matters, and no appeals other than those herein provided shall be allowed."

In each of the instant cases the City has attempted to appeal to this Court on a Reserved Question of Law, under 22 O.S. 1971, § 1053. That section states:

"Appeals to the Criminal Court of Appeals may be taken by the State in the following cases and no other:

" * * *

"3. Upon a question reserved by the *State*." [Emphasis Added].

We are of the opinion that this section does not permit an appeal by a municipality, and that hence these appeals must be dismissed.

We have previously held that there is no right of appeal to this Court on the part of a City from an adverse judgment entered in the district court on a trial de novo of a case appealed from the municipal court (not of record) of that city for violation of a city ordinance. *Oklahoma City v. Tucker*, 11 Okl.Cr. 266, 145 P. 757 (1915); *Scheidt v. Rakestraw*, Okl.Cr., 548 P.2d 677 (1976). As we noted in *Scheidt*, supra, neither the City nor the defendant have an appeal to this Court from the trial de novo in the district court at this time. However, prior to 1969, the defendant had such an appeal, even though the City did not. *Tucker*, supra. We find the language of *Tucker* persuasive in deciding this case involving an analogous situation:

". . . It is a well-settled rule of law that the state has no right to appeal from adverse judgments unless such right is specifically granted by either constitutional or legislative provisions. Except for the foregoing statute, [i. e., revised laws 1910, § 5990, now 22 O.S.1971, § 1053] the state itself would not have the right to appeal in this jurisdiction. This provision, however does not authorize the municipalities existing under state law to exercise the right of appeal from adverse judgments rendered in prosecutions of persons charged with violating any provision of city ordinances."

It is therefore the order of this Court that the attempted appeals be, and the same are hereby DISMISSED.

CORNISH, and BRETT, JJ., concur.