Alvin D. Files, Younger & Files, Ada, for appellee.

Louis M. Watson, Sari T. Addicott, Ada, for appellant.

**Pamela Sue BUSH, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–80–641.**

Court of Criminal Appeals of Oklahoma.

May 21, 1981.

Rehearing Denied June 24, 1981.

## MEMORANDUM OPINION

### PER CURIAM:

This is an appeal from an affirmance of a conviction in the Municipal Court Not of Record, of the City of Ada, Oklahoma. The appellant was convicted in that municipal court, case no. 160–9038, of Disobeying a Lawful Order, and on appeal to the Pontotoc County District Court, that court's case no. CRM–79–853, the municipal conviction and fine of $35.00 was affirmed. She is now before this Court in accordance with Laws 1978, ch. 248, § 1, now 11 O.S.Supp. 1980, § 27–132.

All that is alleged as error is that the trial court erred in failing to sustain the

appellant's demurrer to the evidence. In deciding this issue, this Court has considered two questions: First, did the officer issue a lawful order; and, second, did the appellant resist that order?

In response to a general radio dispatch, an officer went to the site of a school bus stop at approximately 3 p. m., September 13, 1979. The dispatcher had warned that the complaining witness had suggested that the person who was causing the problem may have a gun, and that fear was reiterated by the complainant when she was approached by the officer at the scene. She believed that the appellant, who was sitting on the hood of the car parked in front of complainant's car, had a gun in her purse.

The officer identified himself and asked the appellant if there had been a problem. She said no more than yes, and then shrugged, snickered and turned her head. She told the officer that she did not have a gun and refused to let him search her purse without a warrant. When the officer grabbed her purse, she physically resisted him.

According to the officer's testimony, he had been twice warned of the possibility that the appellant had a gun, and he felt compelled to ascertain its existence for the safety of himself as well as the others who were present.

This Court finds that the officer's actions come within the ambit of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), for the following reasons: The officer had reasonable grounds to believe that the appellant was armed and dangerous; his actions were aimed at the protection of himself and others; he made an attempt to apprise himself of the situation before his cursory search for weapons; he carefully restricted his search to the suspect's outer clothing to discover the weapon; that outer clothing logically included the purse she had beside her, especially in light of the fact that her clothes were allegedly too tight to conceal a weapon; the officer, who was wearing a uniform and driving a patrol car, was sufficiently identified as an Ada police officer.

For the purpose of protection of self and others, the officer legitimately asked, then ordered the appellant to allow him to search her purse for a weapon he had reason to believe was there. Therefore, the State did present a prima facie case of Disobeying a Lawful Order, and the court was correct in refusing to sustain the demurrer to the evidence.

BUSSEY and CORNISH, JJ., concur.