**Donald Gene DEPUY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–79–335.**

Court of Criminal Appeals of Oklahoma.

May 27, 1981.

Mikel L. Dunnagan, Hooker, for appellant.

No appearance for the State.

## MEMORANDUM OPINION

BRETT, Presiding Judge:

The appellant was found guilty in the Municipal Court of the City of Hooker, Oklahoma, of a Failure to Yield Ordinance, case no. 8099. On appeal to the District Court of Texas County, Oklahoma, judgment and sentence of a twenty dollar ($20.00) fine was imposed, their case no. CRM–79–31. An appeal from that judgment and sentence has been lodged in this Court in accordance with Laws 1978, ch. 248, § 1, now 11 O.S.Supp.1980, § 27–132.

It is the appellant's sole contention that it was error for the district court to overrule both his motion to dismiss, filed on February 16, 1979, and his amended motion to dismiss, filed on February 26, 1979. Both motions were based upon Laws 1977, ch. 256, § 27–129(C),[1] the portion of which is pertinent to this appeal reads as follows:

Upon appeal being filed the judge shall within ten (10) days thereafter certify to the clerk of the appellate court the original papers in the case. If the papers have not been certified to the appellate court, the prosecuting attorney shall take the necessary steps to have the papers certified to the appellate court within twenty (20) days of the judgment, and failure to do so, *except for good cause shown, shall* be grounds for dismissal...(Our emphasis)

Judgment and sentence was entered in the Municipal Court on January 24, 1979. On February 2, 1979, the appellant filed his notice of appeal. The original papers should have been certified by either February 12 or February 14, 1979. That certification did not take place until February 27, 1979.

However, Laws 1977, ch. 256, § 27–129(A) provides as follows:

An appeal may be taken from a final judgment of the municipal court by the defendant by filing in the district court in the county where the situs of the municipal government is located within ten (10) days from the date of the final judgment a notice of appeal and by *filing a copy of the notice with the municipal court.* (our emphasis)

In the case before this Court, there is no record of the appellant's filing a copy of his notice of intent to appeal with the municipal court. His allegation of the municipal court's unreasonable delay in certifying the original papers to the appellate court is, therefore, without merit.

Therefore, the judgment and sentence of the district court is Affirmed.

BUSSEY and CORNISH, JJ., concur.

---

1. Now amended as 11 O.S.Supp.1980, § 27–129(C).