2007 OK CR 15

**CITY OF ELK CITY, Appellant**

v.

**Bobby TAYLOR, Appellee.**

**No. SR–2006–1101.**

Court of Criminal Appeals of Oklahoma.

April 23, 2007.

2. Dorland's Medical Dictionary, W.B. Saunders Co., Phila., 25th Ed.

### ORDER DISMISSING APPEAL

¶ 1 Appellant, the City of Elk City, has filed this appeal from a judgment of the District Court of Beckham County, Case Number CV–2005–56. This case originated in the City of Elk City Municipal Court, a court not of record.[1] Appellee Taylor was cited with six (6) counts of violating the city ordinance prohibiting inoperative or junk vehicles from being kept closer than 50 feet to any street in the City of Elk City. The municipal court found Taylor guilty in all six (6) counts. Taylor appealed the decision to the District Court of Beckham County. After a trial *de novo*, the District Court affirmed the municipal court's decision in Counts 6 and 7, but reversed the finding of guilt in Counts 1, 2, 4, and 5, and dismissed those charges. Appellant now appeals the decision of the District Court as to Counts 1, 2, 4, and 5 and seeks to reinstate the decision of the municipal court as to those counts.

¶ 2 This appeal was originally filed with the Oklahoma State Supreme Court. On October 17, 2006, the case was transferred to this Court and became at issue on February 9, 2007. Our review of the record showed this case did not meet the statutory requirements for appeals by the state or a municipality. Therefore, we directed Appellant to file a response and show cause both as to its right of appeal and why this case should not be dismissed.

¶ 3 In a timely filed response, Appellant states that although Appellee Taylor initially appealed to the criminal court in Beckham County, the District Court determined the matter should have been filed as a civil case, and in compliance with those instructions, the matter proceeded as a civil case until the Oklahoma Supreme Court transferred it to this Court, effectively converting it to a criminal status.

¶ 4 Appellant argues that the appeal should not be dismissed for two reasons: 1) the civil rules applicable in the lower court should remain applicable, and have been complied with, on appeal; and 2) even if criminal procedural rules are applied to this appeal from a civil action, those rules have been sufficiently satisfied in this appeal. Appellant further argues that the "unique procedural posture" of this case renders it a "special proceeding" to which civil procedural rules may be applied despite its being technically categorized as a criminal matter. Appellant also suggests that perhaps another transfer is warranted to permit the Oklahoma Supreme Court to consider the civil constitutional preemption issues raised herein.

¶ 5 In a response to Appellant's response, Appellee Taylor asserts that despite Appellant's attempts to characterize the matter as a civil claim, it is a criminal matter, having originated at the municipal level. Taylor argues the case should be dismissed as Appellant did not properly comply with 22 O.S. 2001, § 1053, requirements for appeals by the state.

¶ 6 This Court can only address a case in the posture in which it comes to us. The present case comes to this Court, via the Oklahoma Supreme Court, as an appeal from a judgment of the district court on a trial *de novo* of a case appealed from a municipal

---

1. See 11 O.S.2001, § 27–101, creation of municipal courts not of record.

court not of record for the violation of a city ordinance.

■ ¶ 7 The right to an appeal is a statutory right and exists only when expressly authorized. *White v. Coleman*, 1970 OK CR 133, ¶ 11, 475 P.2d 404, 406. Title 22 O.S.Supp.2002, § 1053 limits appeals to this Court by the state or a municipality to the following instances, "and no other": 1) upon judgment for the defendant on quashing or setting aside an indictment or information; 2) upon an order of the court arresting the judgment; 3) upon a question reserved by the state or a municipality; 4) upon judgment for the defendant on a motion to quash for insufficient evidence in a felony matter; and 5) upon a pretrial order, decision, or judgment suppressing or excluding evidence where appellate review of the issue would be in the best interests of justice.

■ ¶ 8 Under § 1053.1, an appeal may be taken by the state when a district court in a criminal action has declared a state statute unconstitutional. That appeal is taken by the district attorney upon a reserved question of law. Rule 6.1, *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2006), provides for an appeal by the state from an adverse ruling of a magistrate pursuant to 22 O.S.2001, § 1089.1 *et seq.* In support of his argument that this case is a civil matter and not a criminal action, Appellant admits, and we agree, that neither §§ 1053, 1053.1 or Section VI of this Court's rules apply in this case.[2] *See also City of Tulsa v. King*, 1978 OK CR 23, ¶ 4, 574 P.2d 1088, 1089, citing *Oklahoma City v. Tucker*, 11 Okl. Cr. 266, 145 P. 757 (1915) (§ 1053 does not permit an appeal by a municipality). However, revisions to Section 1053 now allow a municipality to appeal pursuant to that section.

¶ 9 The prosecution in a municipal court for the violation of a city ordinance is a criminal matter as a finding of guilt carries with it criminal penalties, *i.e*, incarceration or fines or both. *See* 11 O.S.2001, §§ 27–103 and 28–102.[3] Title 11 O.S.2001, §§ 27–132 and 28–128 provide for the right to appeal to this Court the final *de novo* judgment or order of a district court in an appeal from a final judgment of a municipal court not of record or directly from a municipal court of record, respectively. While neither statute specifically states by whom an appeal may be taken, this Court has limited the right to appeal under those sections to the criminal defendant, and not the state or a municipality. *See Valega v. City of Oklahoma City*, 1988 OK CR 101, ¶ 1, 755 P.2d 118, 119; *Bush v. State*, 1981 OK CR 62, ¶ 1, 632 P.2d 764; *Depuy v. State*, 1981 OK CR 65, ¶ 1, 629 P.2d 371, 372; (pursuant to § 132, each case permitted an appeal by a criminal defendant to this Court from the affirmance by the district court of a conviction from a municipal court not of record). This interpretation of the statutory language is consistent with the limitations placed on appeals by the state or a municipality under 22 O.S.Supp.2002, § 1053 and 22 O.S.2001, § 1053.1. Further, based upon the 1978 effective dates for §§ 27–132 and 28–128, it appears those sections were enacted in response to *Hinkle v. City of Oklahoma City*, 1977 OK CR 29, ¶ 2, 559 P.2d 851 and *Scheidt v. Rakestraw*, 1976 OK CR 78, ¶ 9, 548 P.2d 677, 679, which both held that a criminal defendant did not have the right to appeal to the Court of Criminal Appeals from a judgment and sentence pro-

---

**2.** To the extent Appellant argues this appeal falls under 22 O.S. Supp.2002, § 1053(3) as a reserved question of law, we find Appellant did not properly reserve a question of law in the district court. Appellant's argument that "the City has maintained a consistent stance regarding every issue in question here and thus essentially has reserved the question" does not meet the requirements for bringing an appeal under § 1053(3). *See State v. Harp*, 1969 OK CR 207, ¶ 2, 457 P.2d 800, 804 (notice of intent to appeal on reserved question of law must be filed with reserved question specifically stated). *See also State v. Anderson*, 1998 OK CR 67, ¶ 2, 972 P.2d 32, 33.

**3.** 11 O.S.2001, § 27–103 provides:

The municipal court shall have original jurisdiction to hear and determine all prosecutions wherein a violation of any ordinance of the municipality where the court is established is charged.

11 O.S.2001, § 28–102(A) provides:

A. The municipal criminal courts of record shall have original jurisdiction to hear and determine all prosecutions when a violation of any of the ordinances of the city where the court is established is charged, as provided by Article VII, Section 1 of the Oklahoma Constitution.

nounced by the district court in its trial *de novo* of a case appealed from the municipal court for violation of a city ordinance. To the extent *Hinkle* and *Scheidt* are inconsistent with current law, they are hereby overruled.

¶ 10 Accordingly, we find the appeal by the City of Elk City from a judgment and sentence of the District Court's trial *de novo* of a case appealed from a municipal court not of record for the violation of a city ordinance is a criminal matter.[4] However, it does not meet the statutory requirements for an appeal by a municipality and is not properly before this Court. This appeal is therefore **DISMISSED.**

¶ 11 **IT IS SO ORDERED.**

¶ 12 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 23rd day of April, 2007.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge

/s/ Arlene Johnson
ARLENE JOHNSON, Judge

/s/ David B. Lewis
DAVID B. LEWIS, Judge

---

4. If the City intended to pursue this case as a civil action, it should have filed an original action in the District Court seeking an injunction, writ, abate nuisance determination or some other civil recourse.