2008 OK CR 22

The CITY OF NORMAN, Appellant

v.

Creed Wright TAYLOR, Appellee.

No. SR–2007–187.

Court of Criminal Appeals of Oklahoma.

July 11, 2008.

Brynna Schelbar, Attorney at Law, Trimble Law Office Norman, OK, Attorney for Defendant at trial.

Kathryn Walker, Asst. City Attorney, Norman, OK, Attorney For City of Norman at trial.

Brynna Schelbar, Preston A. Trimble, Trimble Law Office, Norman, OK, Attorneys for Appellee on appeal.

Jeff H. Bryant, Kathryn L. Walker, Jeanne M. Snider, Norman, OK, Attorneys for Appellant on appeal.

## OPINION ANSWERING RESERVED QUESTION OF LAW

A. JOHNSON, Judge.

¶ 1 Creed Wright Taylor was charged in the Municipal Criminal Court of Norman, Case No. N 06-3587, with Public Intoxication, in violation of Section 15-302 of the Norman City Code.[1] Taylor filed a "Motion to Dismiss for Violation of Defendant's Right to Due Process Pursuant to 43A O.S. § 3-428." The Municipal Court denied Taylor's motion to dismiss and he entered a no contest plea and was fined $150. Taylor then filed in the Municipal Court a notice of intent to appeal to the District Court of Cleveland County. The matter was set for trial *de novo* before the Honorable Reginald Gaston, Special Judge of the District Court.[2] Judge Gaston acquitted Taylor and expunged his record on the basis that the arresting officer did not follow 43A O.S.Supp.2005, § 3-428.[3] The City appeals on a reserved question of law under 22 O.S.Supp.2002, § 1053(3).

## RESERVED QUESTION

¶ 2 We are asked to decide whether Title 43A O.S.Supp.2005, § 3-428 preempts enforcement of municipal ordinances criminalizing public intoxication. In other words, can an intoxicated person in a public place be arrested and prosecuted for public intoxication under a local municipal ordinance? Our answer to that question under the particular circumstances of this case is affirmative. Contrary to the district court's ruling in this case, the officer had the discretion to arrest and jail this defendant. Our answer to the general question, however, is a qualified one. Municipal ordinances criminalizing public intoxication are unenforceable when either the municipality or the Department of Mental Health and Substance Abuse Services has approved a program that provides an alternative to statutory or municipal criminal prosecution of publicly intoxicated persons, provided the intoxicated person consents and there is space available for him in the approved program. 43A O.S.Supp.2005, § 3-428(C)(1).

¶ 3 The Legislature adopted the Oklahoma Alcohol Services Act (hereinafter "Act") as part of the Mental Health Law in 1978. *See* 43A O.S.Supp.1978, § 3-401 *et seq*. The Act states:

It is hereby declared to be the public policy of this state to recognize alcoholism and drug abuse as illnesses and public health problems affecting the health, safety, morals, economy and general welfare of the state; to recognize alcoholism and drug abuse as illnesses subject to medical treatment and other therapeutic interven-

---

1. Section 15-302 states: "No person shall drink any intoxicating beverage in any public place nor shall any person be intoxicated in such public place."

2. There was discussion below about whether Judge Gaston could consider the applicability of § 3-428 as raised in Taylor's motion to dismiss because he entered a plea after his motion was denied. The district court concluded that Taylor had sufficiently raised the issue in Municipal Court and that his intent had been to present the issue in district court. Generally, all non-jurisdictional issues are waived upon the entry of a guilty plea with the exception of whether the plea was knowing and voluntary. *See Cox v. State*, 2006 OK CR 51, ¶ 4, 152 P.3d 244, 247. Taylor

neither asserted below that his plea was unknowing or involuntary, nor did he file a motion to withdraw his plea. *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2008) (requiring a defendant to move to withdraw his plea in order to appeal). The validity of the district court's decision to consider this matter is not before us and we make no finding in that regard in this appeal.

3. The district court agreed with counsel during preliminary discussions that the issue of whether an officer could arrest a person for public intoxication had been raised and decided many times, noting "maybe even [in] many different ways." (Tr. 14)

tion and abatement; and to recognize that the sufferer of alcoholism and drug abuse is entitled to treatment and rehabilitation. The purpose of this act is to establish means whereby the appropriate resources of this state may be most fully and effectively focused upon the problems of alcoholism and drug abuse and utilized in implementing programs for the control and treatment of these illnesses.

43A O.S.2001, § 3–402.

¶ 4 Shortly after the Act went into effect, the Honorable Ray Giles asked the Attorney General for an opinion on whether city and county police still had the authority to incarcerate a "public drunk" against his will. *Question Submitted by: The Honorable Ray Giles, Oklahoma State Senate,* 1978 OK AG 219, ¶ 1.

The Attorney General concluded that:

The Oklahoma Alcohol Services Act does not prevent the in voluntary [sic] jail incarceration of intoxicated persons found in public places under the following circumstances.

1. If the capacity at the facility or facilities designated by the regional alcohol services plan to serve the area is exceeded.

2. In areas which are, according to the regional alcohol services plan, not served by any facilities.

3. Where the intoxicated person does not consent to the alternative offered, provided however that consent is not necessary and alternative treatment is required where the person is unconscious or in danger of harming himself or others.

4. Where the intoxicated person is subject to other charges.

*Id.* at ¶ 10.

¶ 5 The Attorney General's opinion is instructive in our construction of the Act. The Act has three sections dealing with the arrest and prosecution of intoxicated persons in public places. Under Section 3–428(A), an officer may offer to take an intoxicated person to his home, to an alternative facility pursuant to the provisions of the Act, or to an approved treatment facility.[4] This section affords the officer discretion in dealing with an intoxicated individual. Section 3–428(B) deals with intoxicated persons who are either unconscious or a threat to themselves or others and authorizes taking such persons into protective custody.[5] Section 3–428(C) renders municipal ordinances criminalizing public intoxication unenforceable when either the municipality or the Department of Mental Health and Substance Abuse Services has approved a program alternative to statutory or municipal requirements of prosecution and imprisonment of intoxicated persons in public.[6] If such a program exists and has space available, the arresting officer and any other public official involved must utilize such alternative treatment program upon the volun-

---

4. Section 3–428(A) states:

An intoxicated person in a public place, as defined in Section 8 of Title 37 of the Oklahoma Statutes, who appears to be in need of help, if the person consents to the offered help, may be assisted to:
1. His or her home;
2. An alternative facility pursuant to the provisions of this section; or
3. An approved treatment facility by a peace officer or an emergency service patrol.
43A O.S.Supp.2005, § 3–428(A).

5. Section 3–428(B) states:

1. A person who appears to be intoxicated, and as a result of such intoxication is unconscious in a public place or reasonably appears to be in danger of harming himself or herself or others, may be taken into protective custody by a peace officer or an emergency service patrol and immediately brought to an approved treatment facility for medical or non-medical detoxification.

2. The peace officer or the emergency service patrol, in detaining the person and taking the person to an approved treatment facility, is taking the person into protective custody and shall make every reasonable effort to protect the person's health and safety.
3. In taking the person into protective custody, the detaining officer may take reasonable steps for self-protection. No record shall be made which indicates that the person has been arrested or charged with a crime.
43A O.S.Supp.2005, § 3–428(B).

6. Section 3–428(C) states:

1. If the Department of Mental Health and Substance Abuse Services, or the governing body of any municipality, has approved a program alternative to statutory or municipal requirements of prosecution and imprisonment of such person, until the capacity to accommodate intoxicated persons has been exceeded in the facility wherein such alternative program is located, the arresting officer and other pub-

tary consent of the intoxicated person and the receiving facility rather than proceeding under the statutory or municipal laws pertaining to criminal prosecution of intoxicated persons. 43A O.S.Supp.2005, § 3–428(C)(1).

 ¶ 6 Conversely, law enforcement officers may proceed under applicable statutory or municipal laws pertaining to criminal prosecution of intoxicated persons when there is no approved program in the area or when the facility housing the alternative program is full.[7] Officers may also incarcerate an intoxicated person if the person refuses the offered alternative or has other charges. The Legislature removed an officer's authority to arrest and jail a publicly intoxicated person only when (1) there is an approved alternative facility available and (2) the intoxicated person consents to treatment at that facility.[8] The Legislature neither removed the crime of public intoxication from the books, nor limited the authority of municipalities to criminalize and punish such conduct. *See, e.g.,* 37 O.S.2001, § 8.

¶ 7 From the record below, it appears that the City of Norman does not have an approved program alternative to the prosecution of public intoxication. Nor was there specific evidence that Taylor was unconscious or a danger to anyone. Consequently, under the circumstances of this case, and contrary to the ruling of the court below, the arresting

officer had discretion under § 3–428(A) either to arrest and jail Taylor or to offer to take him to one of the three listed places in § 3–428(A).[9]

 ¶ 8 The City also argues that the district court erred in expunging Taylor's record. This issue is beyond the scope of the specific question reserved. The district court's judgment of acquittal bars further prosecution of Taylor in this matter. *See State v. Love,* 2004 OK CR 11, ¶ 1 n. 1, 85 P.3d 849, 849 n. 1. Taylor also raises additional issues that will not be considered because they too are beyond the reserved question.

## DECISION

¶ 9 The Reserved Question of Law is **ANSWERED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2008), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

LUMPKIN, P.J., and CHAPEL and LEWIS, JJ.: concur.

C. JOHNSON, V.P.J.: recuse.

---

lic officials involved in an arrest pursuant to this section shall utilize such alternative treatment program upon the voluntary approval of the intoxicated person and the receiving facility rather than proceed under the statutory or municipal laws pertaining to prosecution and imprisonment of intoxicated persons.
2. A facility in which the program is located may make application to the Department of Mental Health and Substance Abuse Services for approval, but no such program or facility wherein such program is located shall claim or advertise to be a certified treatment facility unless duly certified as such by the Department of Mental Health and Substance Abuse Services.
3. All facilities acquiring the approval of an alternative program shall establish their own capacity for the number of persons to be accommodated in the program.
4. It shall be the duty of the State Department of Health to investigate all complaints concerning general sanitation made in the form of a sworn affidavit against such municipally approved alternative facilities.

5. In the event the complaints are found to be true, the State Commissioner of Health shall have the power to order improvements or closure.
43A O.S.Supp.2005, § 3–428(C).

7. Rules of statutory construction require that different legislative enactments dealing with the same subject be construed together as a harmonious whole so as to give effect to each. *See King v. State,* 2008 OK CR 13, ¶ 7, 182 P.3d 842, 844.

8. According to the arresting officer, he is unaware of a treatment facility in Norman. (Tr. 22)

9. We reject Taylor's claim that § 3–428(A) is mandatory and requires officers to offer to take an intoxicated person to one of the three listed alternatives. Taken to its logical conclusion, Taylor's position would require an officer to escort an intoxicated person, who appeared to be in need of help, to his home when no facility existed, where there may or may not be someone present to aid the intoxicated individual.