KUEHN, J., DISSENTING:
¶1 Oklahoma's Stand Your Ground law clearly, if implicitly, includes a right to an interlocutory appeal following a judicial determination of immunity. Under 21 O.S.2011, § 1289.25(f), an individual who uses certain kinds of defensive force against an intruder is "immune from criminal prosecution", which includes both charging and prosecuting. This determination by a district court judge is dispositive. If one is held to be immune from prosecution, then the case is over. If a district court judge finds that an individual is not immune from prosecution, then the criminal case continues.
¶2 The majority finds there is no right for a defendant to appeal because one is not explicitly provided for in the Stand Your Ground statute. This finding disregards the fact that other Oklahoma criminal statutes have been interpreted to include an appeal right where it is not explicitly written in the statute. One example is found in the Interstate Agreement on Detainers Act, 22 O.S.2011, §§ 1345 - 1349 ; see Hopkins v. LaFortune, 2016 OK CR 25, ¶ 1, 394 P.3d 1283, 1284. In 1999, this Court found that a defendant had the right to appeal a decision to revoke or terminate participation in Drug Court, although the statute provided no explicit right to appeal. Hagar v. State , 1999 OK CR 35, ¶ 12, 990 P.2d 894, 898. Of course, some criminal statutes explicitly allow or disallow an appeal. 10A O.S.2011, § 2-5-101(G) (order certifying a person as a child or denying the request for certification as a child shall be a final order, appealable when entered); 10A O.S.2011, § 2-5-203 (decision to join multiple youthful offender offenses shall not be appealable as a final order). Because a district court order regarding Stand Your Ground immunity is dispositive, an intermediate appeal is appropriate.
¶3 I agree with Judge Lewis that McNeely's appeal falls under a writ of prohibition. A defendant seeking review from a pretrial decision denying a Stand Your Ground claim must establish that the court has exercised a judicial power unauthorized by law, and that exercise of power resulted in injury for which there is no other adequate remedy. Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals , Title 22, Ch.18, App. (2018). Immunity from prosecution, a right which is necessarily lost if a prosecution continues, is exactly the kind of dispositive claim ripe for a writ of prohibition.
¶4 The majority and concurring opinions all refer to the ambiguity of the term "immunity" under the statute, but the intent of the Legislature is clear. If a district court judge finds you are immune under the statute, you are immune from prosecution-in fact, the statute goes even further and explicitly states you should not be charged with a crime. This language, explicitly granting immunity from criminal prosecution, was added by amendment in 2011, and was not included in any previous version. The amendment proves the Legislature intended "immunity" to mean what it says. We must construe this provision according to the plain and ordinary meaning of its language, as our "fundamental *1281 principle" is to give effect to the Legislature's intent. Gerhart v. State , 2015 OK CR 12, ¶ 14, 360 P.3d 1194, 1198.
¶5 The Oklahoma Legislature amended the Stand Your Ground statute to make clear that it includes a right to immunity, distinguishing it from a traditional self-defense claim. On its face, "immunity" means that there will be no further prosecution. According to the procedure we set forth in State v. Ramos , this determination is made by a district court judge. State v. Ramos , Nos. S-2013-509 & S-2013-510, slip op. at 9-10 (Okl.Cr. June 9, 2015) (not for publication). A special judge could only make such a ruling if she was fulfilling the role of a district court judge by agreement of the parties. Therefore, the only avenue of appeal is to this Court.
¶6 The trial court's decision on a Stand Your Ground claim is a final disposition of the issue of immunity from prosecution. While a defendant may raise the issue as a defense at trial, obviously if he is defending against charges during a trial, his right not to be prosecuted no longer exists. The majority as good as admits this when it says that a defendant must be prosecuted "to some extent" to determine whether he is immune. The defendant must establish he is factually entitled to immunity before the statute applies. The majority disregards the fact that this particular factfinding happens before trial begins. In a pretrial hearing the State and defendant present evidence, and the trial court makes factual and legal findings and rules on the Stand Your Ground issue. If the ruling is in the defendant's favor, he goes free. The majority suggests that the presentation of evidence and factfinding which take place in a pretrial hearing is "the essence of a criminal prosecution", comparable to a trial, and thus, it implies, immunity is preserved even if a trial occurs. It is not. The Legislature did not say that a person fitting the parameters of § 1289.25 could be prosecuted to the extent necessary to establish that his use of force was reasonable and justified; nor did it say that immunity is lost when evidence is presented in pretrial proceeding. The Legislature said instead that person "is immune from criminal prosecution and civil action", including "charging or prosecuting the defendant." 21 O.S § 1289.25(F). There is no equivocation in that language.
¶7 I am deeply disturbed by the majority's decision here, which removes all possibility of pretrial appeal from the defendant while preserving the State's right to a pretrial appeal. This Court's previous decisions granted both parties a right to interlocutory review. In fact, this Court has previously allowed the State to appeal a pretrial decision granting Stand Your Ground immunity in two different ways. In Ramos we determined that, because such a decision involves a legal bar to further prosecution, the State could only appeal it under 22 O.S.2011, § 1053(3) as a reserved question of law. Ramos , Nos. S-2013-509 & S-2013-510, slip op. at 8-9.[8] Under a reserved question of law, this Court will answer the question presented, but even if the answer is in the State's favor that particular prosecution remains barred. See , e.g. , City of Norman v. Taylor , 2008 OK CR 22, ¶ 8, 189 P.3d 726, 729. However, we held in State v. Cooper that the State may appeal such a decision under 22 O.S.2011, § 1053(4)where a defendant raises Stand Your Ground immunity in a motion to quash , rather than moving to dismiss the charges directly under Stand Your Ground. State v. Cooper , No. S-2014-961, slip op. at 6-7 (Okl.Cr. July 5, 2015) (not for publication). Of course, if this Court grants a State appeal under § 1053(4), the prosecution may proceed. So the State will always have an avenue of appeal from an unfavorable decision below, and may have the opportunity to continue the prosecution, depending on how a defendant happens to raise the issue in the trial court.
¶8 After today's decision, by contrast, defendants cannot appeal at all, and must undergo prosecution (losing their immunity from prosecution) before this Court will even *1282 hear their claim. Such a result is fundamentally unfair. Because a trial court's pretrial Stand Your Ground decision is final on the question of immunity, both the State and the defendant should have an equal right to an interlocutory appeal of the decision before this Court. Only that way will both parties be protected and the Legislature's clear intent be preserved.
¶9 Allowing defendants an interlocutory appeal through writ of prohibition-and thus preserving both legislative intent and parity between the parties-is not, as my colleagues fear, an act of judicial legislation. Rather, it is "incidental to judicial administration." State ex rel. Haskell v. Huston , 1908 OK 157, ¶ 75, 21 Okla. 782, 97 P. 982, 995. We are deciding a question of law, not policy. The Legislature intended that individuals who are immune under the statute should not be prosecuted or even charged. To give effect to this intent and preserve immunity, Stand Your Ground must include an interlocutory appeal. That determination is incidental to the judicial administration of the law as the Legislature wrote it. Id . In its narrow focus on whether a right to appeal is explicitly written in the statute, the majority strips away the explicit language, which is written in the statute, granting immunity from prosecution. The majority thus fails to honor the Legislature's intent that a defendant immune under Stand Your Ground should be free from prosecution. I dissent.

While it may be more common that only issues concerning the facts of the case will arise from a pretrial decision granting Stand Your Ground immunity-issues clearly not answerable under § 1053(3) -it is certainly possible that the State will present questions of law which fit squarely within the limits of a reserved question of law. For example, in Ramos the State presented three questions of law, which were answered by this Court. Ramos , Nos. S-2013-509 & S-2013-510, slip op. at 12.