Fred Joseph WHITE, Petitioner,

v.

Bryce C. COLEMAN, Sheriff, Creek County, Oklahoma, Respondent.

No. A–16234.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1970.

Roehm West, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., David Young, Dist. Atty., Creek County, for respondent.

NIX, Judge:

This is an original proceeding in habeas corpus arising from the order of the District Court of Creek County dismissing petitioner's application for suspension of judgment and sentence after appeal authorized by 22 O.S.Supp.1969, § 994. The petitioner, Fred Joseph White, was convicted in the District Court of Creek County, case number 6166–C, and from the judgment and sentence therein filed an appeal with this Court. On appeal, as case number A–14,767, the judgment and sentence was affirmed and the mandate issued by this Court on March 13, 1970.

Thereupon the petitioner filed a timely application for suspension of judgment and sentence after appeal. The District Court of Creek County on July 20, 1970, entered a written order sustaining the motion of the District Attorney to dismiss petitioner's application stating as its reasons for doing so that Title 22, O.S.Supp.1969, § 994, was unconstitutional and in conflict with Article 6, § 10 of the Oklahoma Constitution. The district court's order held that § 994 "invades the province of the executive department of the State of Oklahoma," was "an invasion of the right of the Governor to suspend and commute sentences," and, was further unconstitutional for the reason that there was no right of appellate review.

The petitioner thereupon filed the instant petition for writ of habeas corpus and this Court issued a Rule to Show Cause setting the matter down for hearing on July 28, 1970.

Title 22, O.S.Supp.1969, § 994, provides as follows:

"After appeal, when any criminal conviction is affirmed, either in whole or in part, the court in which the defendant was originally convicted may suspend the judgment and sentence as otherwise provided by law. Jurisdiction for such suspension shall be vested in said trial court by a request by the defendant within ten days of the final order of the Court of Criminal Appeals. Any order granting or denying suspension made under the provisions of this section is a nonappealable order."

Article 6, § 10, of the Oklahoma Constitution creates the Pardon and Parole Board and sets out its duties regarding commutations, pardons and paroles. Section 10 further provides:

"The governor shall have the power to grant * * * pardons and paroles for all offenses, except cases of impeachment, * * * the governor shall have power to grant after conviction, reprieves, or leave of absence not to exceed sixty days, without the action of the Board."

It is fundamental in statutory construction to presume that the legislature intended to act within its powers and that a statute must be so construed when reasonably possible so as to uphold its constitutionality. The burden of proof is on one who claims a statute is invalid as violative of a constitutional provision. 82 C.J.S. Statutes § 82; 16 C.J.S. Constitutional Law §§ 98, 99; Wood v. State, 77 Okl.Cr. 305, 141 P.2d 309.

There is nothing in the Oklahoma Constitution which restricts the power of a court to suspend the execution or imposition of a sentence either before or after an appeal has been taken from a conviction. The judicial power to suspend a sentence is quite different from the executive power of the Governor and Pardon and Parole Board to allow a pardon or parole. Thus the grant by the legislature to the courts of the power to suspend a sentence in no way

limits, detracts from, or interferes with the constitutional power of the executive department to commute, parole or pardon.

In Ex parte Eaton, 29 Okl.Cr. 275, 233 P. 781 (1925), this Court upheld the constitutionality of the legislature's enactment authorizing a trial court to suspend a sentence at the time the sentence was imposed. After quoting the statute providing for suspending a sentence, this Court held in Ex parte Eaton, supra:

> "We believe that the sections of the statutes above set out are constitutional and do not invade the province of the governor, or chief executive of this State in extending executive clemency. In this particular, executive clemency is to be distinguished from judicial authority, * * *" 29 Okl.Cr., at 277, 233 P., at 782.

Subsequently, this Court again upheld the constitutionality of the statutory power of a court to suspend a sentence in Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162 (1942), in which it was held:

> "The constitutionality of the statute [providing for a court to suspend a sentence] was the sole point at issue in the Eaton case, supra, and that decision should be determinative of this question in the State of Oklahoma." 73 Okl.Cr., at 451, 122 P.2d, at 167.

In Ex parte Boyd, supra, this Court noted that "suspension of a sentence under said statute is not a parole nor pardon" in finding that the suspension of sentence statute "is not unconstitutional as being in conflict with Section 10, Article 6, Oklahoma Constitution."

Since the constitutionality and validity of a court's power to suspend a sentence has been a settled question for over fifty years in Oklahoma, the only conceivable new factor to be considered is whether a court may suspend the sentence after an appeal has been taken. We find nothing in the Oklahoma Constitution which would require suspension of the sentence by a court before an appeal has been taken.

Again, the judicial power to suspend a sentence even after appeal is totally separate from and independent of the executive power to commute, parole, or pardon. It is quite possible the legislature in enacting § 994 believed that a person who led an exemplary life while free on bond pending appellate determination had demonstrated rehabilitation and would qualify for a suspended sentence. This, we feel, is a logical assumption.

We find no merit to the trial court's finding that 22 O.S.Supp.1969, § 994, is unconstitutional because no appellate review is allowed. Generally speaking, orders after a judgment has been entered are not appealable without express statutory authorization. 24 C.J.S. Criminal Law §§ 1651, 1654. Furthermore, the lack of appealability does not affect the constitutionality of the statute as it is to be remembered that appeal is a creature of statute and exists only when expressly authorized.

Accordingly, we hold that Title 22, O.S. Supp.1969, § 994, allowing the suspension of judgment and sentence by the trial court after the appeal has been affirmed is constitutional, valid, and enforceable.

If the trial judge in the instant case is personally persuaded that the statute is unconstitutional, or a poor policy; perhaps it would be best for him to disqualify from further consideration of petitioner's application and allow the matter to be assigned to another judge.

It is therefore ordered that the petitioner, Fred Joseph White, remain on his present bond until such time as the District Court of Creek County rules upon the merits of his application for suspension of the judgment and sentence under the authority of 22 O.S.Supp.1969, § 994.

BRETT, P. J., and BUSSEY, J., concur.