**In the Matter of L. N., A Child Under the Age of 18 Years.**

**No. P–80–476.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1980.

### ORDER DENYING WRIT OF PROHIBITION

The petitioner has applied for a writ of this Court to prohibit the District Court of Sequoyah County, the Honorable Fred D.

Green presiding, from prosecuting him for Arson in the First Degree, according to 21 O.S.Supp.1979, § 1401.

The allegations of his petition are as follows: An information was filed on May 23, 1980, charging petitioner with Arson in the First Degree of a schoolhouse. Petitioner is seventeen years of age. For the purposes of this writ, the petitioner and the District Attorney agree that the only persons present in the building at the time of the alleged crime were petitioner's companions. Petitioner's Motions to Quash and to Dismiss and Plea in Abatement were heard in a purported preliminary hearing on July 1, 1980, but the district court reserved to rule on those motions until this Court had decided whether the facts constituted Arson in the First or Second Degree. At that hearing, however, the district court did find sufficient evidence to believe that a crime had been committed and reasonable cause to believe that the petitioner had committed the crime.

This Court has consistently refused to issue advisory opinions, and the Supreme Court has recently adopted that same position. See *Application of Fun Country Development Authority*, Okl., 566 P.2d 1167 (1977). In writing for that Court, the Honorable Justice Doolin said, "No controversy is here presented, no contest or challenge as to procedure is made," *Application of Fun Country Development Authority*, supra p. 1167.

 As this Court said in *Johns v. Hess*, Okl.Cr., 546 P.2d 652 (1976), unless we are vested with original jurisdiction, all exercise of power must be derived from our appellate jurisdiction, which is the power and the jurisdiction to review and correct those proceedings of inferior courts brought for determination in the manner provided by law. Although the *Johns* opinion concerned the power of this Court to issue a writ of mandamus, the reasoning applies. An advisory opinion does not fall within the Court's original or statutory jurisdiction; neither does it come within its appellate review. To offer advice in the form of an opinion would be to interfere with the responsibility of the trial court to exercise the powers confided to it. We will not do so absent constitutional or statutory authority.

Extraordinary writs are issued only in aid of our appellate jurisdiction. Title 22 O.S.Supp.1979, Ch. 18, App., Rule 1.25, subd. B. The petition filed herein fails to allege facts sufficient to invoke the jurisdiction of this Court insofar as the request is not for relief but, in fact, for an advisory opinion regarding the crime with which this petitioner should be charged. See 22 O.S.1971, § 1051.

Therefore, after reviewing the petition, this Court finds that it should be dismissed.

IT IS SO ORDERED.