2016 OK CR 25

**Kenneth Lee HOPKINS, Petitioner,**

v.

**The Honorable William D. LAFORTUNE, Judge of the District Court for the Twenty–Sixth Judicial District; and the State of Oklahoma, Respondents.**

**Case Number: PR–2016–0757**

Court of Criminal Appeals of Oklahoma.

Decided: December 22, 2016

## ORDER DENYING EXTRAORDINARY RELIEF, LIFTING STAY AND RE-MANDING MATTER TO THE DISTRICT COURT

¶ 1 On August 19, 2016, Petitioner, by and through counsel Patrick Adams, filed an Emergency Petition for Writ of Prohibition and/or Mandamus and a motion for suspension of the Ten–Day Rule requirement of Rule 10.2, *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2016). Petitioner seeks extraordinary relief from the order of the District Court of Tulsa County in Case No. CF–2016–530 denying Petitioner's motion to dismiss based upon a violation of the Interstate Agreement on Detainers Act ("IAD"), 22 O.S.2011, §§ 1345–1349.

¶ 2 Petitioner was charged with two counts of First Degree Murder on February 2, 2016. At the time Petitioner was charged, he was in federal custody in Leavenworth, Kansas, on an unrelated matter. Pursuant to the State's request for temporary custody under Article IV of the IAD, Petitioner arrived at the Tulsa County Jail on March 24, 2016. On August 5, 2016, Petitioner filed a motion to dismiss for violation of the IAD. Following a hearing on Petitioner's motion, the motion was denied in an order issued by the Honorable William LaFortune, District Judge, on August 18, 2016.

¶ 3 Petitioner seeks a writ of prohibition from this Court prohibiting the trial court from proceeding further in this case and a writ of mandamus directing the trial court to dismiss the Information for the reason that

the 120 day time limit mandated by the IAD expired, divesting the trial court of jurisdiction to proceed.

¶ 4 In an Order issued August 23, 2016, all proceedings were stayed in the District Court and the Respondent, or his designated representative, was directed to file a response to Petitioner's application to this Court. The response, by and through Stephen A. Kunzweiler, District Attorney, and James D. Dunn, Assistant District Attorney, as the designated representatives for the Honorable William D. LaFortune, District Judge, was filed in this Court on September 7, 2016.

## I. RECORD

¶ 5 The record before this Court reveals the following:

2/02/2016 Petitioner was charged in Tulsa County District Court with two counts of Murder in the First Degree.

2/12/2016 The State filed an IAD Request for Temporary Custody. The request was made pursuant to Article IV of the IAD, agreeing to bring Petitioner to trial within the time specified in Article IV of the IAD, and the request was signed by James D. Dunn on February 5, 2016.

2/16/2016 Petitioner transmitted an IAD Request for final disposition of all untried indictments, informations or complaints. The Warden of the Federal Prison at Leavenworth, Kansas, sent a letter to the Tulsa District Attorney stating Petitioner requests disposition of pending charges pursuant to Article III of the IAD, with the necessary forms and stating that Petitioner is projected to be released from Leavenworth on February 5, 2017.

2/19/2016 Written notice received by the District Attorney's office.

3/24/2016 Petitioner was booked into custody of the Tulsa County Sheriff.

3/28/2016 At initial appearance the Preliminary Hearing was set for May 16, 2016.

5/16/2016 The State requested a continuance. The continuance was granted over Petitioner's objection. The Preliminary Hearing was rescheduled for June 27, 2016—twenty-six days before the expiration of the 120 day requirement under the IAD.

6/27/2016 The Preliminary Hearing was held before Special Judge James Keeley. The hearing was continued to July 11, 2016—twelve days before the expiration of the 120 day requirement under the IAD.

7/11/2016 The Preliminary Hearing was concluded. Petitioner was bound over for trial and District Court Arraignment was set for August 8, 2016.

7/21/2016 Petitioner filed a motion for a speedy trial pursuant to the IAD.

7/23/2016 120 calendar days after Petitioner was booked into Tulsa County.

8/05/2016 Petitioner filed "Defendant's Motion to Dismiss For Violation of the Interstate Agreement on Detainers Act" for failure to bring him to trial within the statutory time period.

8/08/2016 Petitioner arraigned before Judge LaFortune and his Motion to Dismiss is scheduled for hearing on August 12, 2016.

8/12/2016 Petitioner's counsel withdrew argument regarding the Motion to Dismiss.

8/15/2016 Petitioner filed "Defendant's Motion to Re–Urge Defendant's Motion to Dismiss for Violation of the Interstate Agreement on Detainers Act". This motion states:

> "Undersigned counsel originally filed the Motion to Dismiss for violation of the Interstate Agreement on Detainers Act on 8/5/16. On 8/8/16 Jimmy Dunn, Assistant District Attorney, provided documentation suggesting that the Defendant initiated the Detainer at issue. On 8/12/16 counsel withdrew argument regarding the Motion to Dismiss citing a need to look at the new documentation to make the appropriate argument. Counsel further argued that the Motion would likely be re-urged after more analysis of the new documentation. Counsel received another Document after court from Jimmy Dunn, Assistant District Attorney on 8/12/16. Counsel for Defendant after reviewing the new documentation hereby re-urges the Original Motion to Dismiss filed on 8/5/16."

8/17/2016 180 calendar days after Petitioner's Article III notice received by the District Attorney's office.

¶ 6 At the hearing held in the District Court on Petitioner's motion to dismiss on August 8, 2016, the transcript reflects that James Dunn, Assistant District Attorney, advised the court that it was Petitioner who requested under Article III of the IAD that he be brought to trial on the pending Information within 180 days. The prosecutor asked for the first available jury trial setting and that the trial court deny Petitioner's motion to dismiss. Counsel for Petitioner argued that it was 120 days, under Article IV, and that the prosecutor must have documents that they had not seen, if their argument was that this was under Article III, and not under Article IV. Judge LaFortune set a trial date of August 29, 2016, and also continued the hearing on the motion to dismiss to August 12, 2016.

¶ 7 The hearing on Petitioner's motion was held on August 16, 2016, but was continued to August 18, 2016, at the prosecutor's request and over the objection of Petitioner. The transcript of the August 18, 2016, hearing on Petitioner's August 5, 2016, motion to dismiss for a violation of the IAD reflects that the District Attorney's Office submitted a "Request for Temporary Custody" pursuant to Article IV, dated February 5, 2016, signed by the Honorable Martha Carter, Special Judge, on February 10, 2016, and filed on February 12, 2016. However, the record also reflects that Petitioner initiated a request for disposition of pending charges which is dated February 16, 2016, and that it was received by the District Attorney's Office on February 19, 2016. The letter from the Federal Prison Warden, received with the request for disposition, requests submission of a "Prosecutor's Acceptance of Temporary Custody Offered in Connection with a Prisoner's Request for Disposition of Detainer," pursuant to Article III of the IAD. Limited strictly to calendar days, the 120 days expired under Article IV on July 23, 2016; under Article III, the 180 days expired August 17, 2016.

■■■ ¶ 8 When both the State initiates proceedings under Article IV and the defendant initiates proceedings under Article III, the question becomes whether the time limits under Article IV or under Article III applies. Under Article IV when the State initiates a transfer, the trial must begin no later than 120 days from the date the defendant arrives in that jurisdiction. Under Article III, when the defendant initiates a transfer, the time limit is 180 days from the date of receipt of the prisoner's request. After reviewing the different approaches from other courts across the country addressing this issue, we previously held in *Ullery v. State*, 1999 OK CR 36, ¶ 10, 988 P.2d 332, 341, that the best approach would be to compute the time under each Article and see which time limit expired first. We now find it is time to revisit this issue in light of the multitude of changes that have occurred over the past seventeen years with regard to IADs and the criminal justice system.

■■■ ¶ 9 Since our decision in *Ullery*, the law relating to IAD has evolved. Of particular note is the United States Supreme Court's decision in *New York v. Hill* wherein the Court held that a defendant can implicitly waive the IAD's time constraints by accepting treatment inconsistent with the IAD's time limits. 528 U.S. 110, 118, 120 S.Ct. 659, 666, 145 L.Ed.2d 560 (2000). Moreover, this Court cannot ignore the fact that since Oklahoma's adoption of the IAD in 1977, the government's ability to swiftly adjudicate criminal prosecutions has become more and more challenging. Hence, we now find that when both the State and the defendant initiate transfer under the IAD, the defendant's Article III filing implicitly and automatically waives those Article IV procedures favorable to the defendant. In the present case, Petitioner completed an IAD transfer form expressly requesting disposition under Article III. This action on his part constituted a waiver of any rights he may have had as the result of the State's Article IV request. *See Matthews v. Kentucky*, 168 S.W.3d 14, 18–19 (Ky. 2005). The time limit under Article III, 180 days, expired August 17, 2016. *Ullery*, insofar as it is inconsistent with this holding, is hereby overruled.

¶ 10 At the conclusion of the hearing on Petitioner's motion to dismiss on August 18,

2016, Judge LaFortune concluded that forty-two days between June 27, 2016, and August 8, 2016, were tolled based on Petitioner's failure to object under the IAD or invoke the provisions of the IAD. Tolling forty-two days, Judge LaFortune concluded that trial would have to commence no later than September 19th. Jury trial was scheduled for August 29th.

## II. RESPONSE

¶ 11 In the Response to Petitioner's application filed in this Court on September 7, 2016, the State argues that (1) "[t]he trial court correctly determined that the 'speedy trial' provision contained within 22 O.S. § 1347, Art. IV(c) had been tolled"; and, (2) "[b]y not objecting to a District Court arraignment setting beyond the expiration of the speedy trial provision contained in 22 O.S. § 1347, Art. IV(C), Petitioner waived the same." Respondent cites *Ullery v. State*, 1999 OK CR 36, ¶¶ 11–13, 1088, 988 P.2d 332, 341–342, in support of the argument that the tolling of the time period from June 27, 2016, thru July 11, 2016, was a necessary and reasonable continuance granted for good cause. Respondent states that the good cause was for the Magistrate to review the recorded interview of Petitioner as well as an additional exhibit offered by the State to which Petitioner did not object.

¶ 12 Respondent also argues that the period between July 11, 2016, through August 8, 2016, was tolled because Petitioner failed to object on July 11, 2016, when arraignment was set for August 8, 2016, "or otherwise invoke the provisions of the IAD at the conclusion of the preliminary hearing proceedings held on July 11, 2016." Citing *Ullery*, the State asserts that this period was tolled "as such was a necessary and reasonable continuance granted for good cause."

¶ 13 Respondent's second argument is that because Petitioner agreed to a District Court arraignment date beyond the 120 day statutory period to bring him to trial, that Petitioner waived the 120 day provision of the IAD. Respondent cites *New York v. Hill* in support of this argument. In *Hill* defense counsel agreed to a trial date outside the time period. *Id.*, 528 U.S. at 113, 120 S.Ct. at 663. The Supreme Court held that this effectively waived the defendant's rights under the IAD. *Id.*, 528 U.S. at 118, 120 S.Ct. at 666.

## III. REPLY

¶ 14 On September 15, 2016, Petitioner filed a Request for Leave of Court to File Reply Brief and tendered for filing the Reply Brief. Petitioner's motion to file a Reply Brief is **GRANTED**.

¶ 15 Petitioner argues that the State failed to show any "good cause" delays and failed to show Petitioner was not available, the only two reasons to toll in an IAD analysis. Petitioner cites *Bell v. State*, 1986 OK CR 14, 714 P.2d 205, in support of his argument, wherein it took 109 days to complete the preliminary hearing and in which no delays could be attributed to the defendant. In *Bell* this Court found detainers can be extended by the proper tolling of the statute, but the record must support the good causes offered for that tolling. *Id.*, 1986 OK CR 14, ¶ 7, 714 P.2d at 206.

¶ 16 Addressing waiver, Petitioner argues that *Hill* and *Ullery* are distinguished from the present case in that in both of those cases the parties were discussing a trial date. Petitioner contends that it is the trial date that is the "finish line," not any other date or setting and that in the present case there was never an opportunity to even discuss a trial date "as the State completely dragged their feet and proceeded in a lethargic and apathetic manner."

## IV. CONCLUSION

¶ 17 For a writ of prohibition, Petitioner must establish: (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch.18, App. (2016). For a writ of mandamus, Petitioner has the burden of establishing that (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain

legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief. Rule 10.6(B).

 ¶ 18 A defendant seeking dismissal of charges based upon the State's failure to try him within the statutorily mandated time period specified in the IAD need only show that he was not timely tried and that the delay was not his fault. *Gallimore v. State*, 1997 OK CR 46, ¶ 29, 944 P.2d 939, 945. The burden then shifts to the State to explain why the charges against the defendant should not be dismissed and why the statutory time limit was properly tolled. *Id.*

¶ 19 *Ullery* directs us to examine the record to discover whether these time limits were tolled by either (1) necessary and reasonable continuances that were granted for good cause in open court or (2) delays occasioned by the defendant. *Id.*, 1999 OK CR 36, ¶ 11, 988 P.2d at 341. We find that the record supports a finding that the time was tolled for thirteen days from June 27, 2016, to July 11, 2016, when the trial judge at the conclusion of the preliminary hearing took the matter under advisement. We also find that the time was tolled from July 11, 2016, to August 8, 2016, when Petitioner failed to object when District Court arraignment was set. Three days were also tolled from August 12, 2016, to August 15, 2016, when Petitioner withdrew his motion to dismiss for further review of the State's new documentation. With these calculations we find forty-five (45) days remaining in the 180 day time period.

¶ 20 Accordingly, Petitioner's motion for suspension of the Ten–Day Rule requirement is **GRANTED**. Petitioner's application for an extraordinary writ is **DENIED**. Under the IAD the trial court now has forty-five days remaining in which to commence trial. The Stay imposed by this Court on August 23, 2016, is **LIFTED**.

¶ 21 **IT IS SO ORDERED.**

1. The general rule is that "when a construction has been placed upon a statute by the highest court having jurisdiction to fix its meaning, such construction becomes a part of the statute as if it had been written into it originally." *Berryman v. State*, 1955 OK CR 51, 283 P.2d 558, 566 (opinion on rehearing); *see also Olstad v. Microsoft*, 284 Wis.2d 224, 700 N.W.2d 139, 145 (2005).

¶ 22 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 22nd day of December, 2016.

CLANCY SMITH, Presiding Judge

GARY L. LUMPKIN, Vice Presiding Judge

ARLENE JOHNSON, Judge

DAVID B. LEWIS, Judge, Concurs in Part, Dissents in Part

LEWIS, J: CONCUR IN PART, DISSENT IN PART

¶ 1 I dissent to the Order's decision to overrule *Ullery v. State*, 1999 OK CR 36, 988 P.2d 332. *Ullery* sets forth the three methods of time computation under the Interstate Agreement on Detainers Act (IAD). When adopting the IAD, the legislature was silent regarding the issues discussed in *Ullery*; therefore, this Court was required to adopt a method of time computation. Since our decision in *Ullery*, the legislature has not acted in contravention of our decision. I would find this inaction to be an affirmation of our interpretation of the statute.[1]

¶ 2 The time computation found in *Matthews v. Kentucky*, 168 S.W.3d 14 (Ky. 2005), is just a different interpretation of the same statute in that jurisdiction and is not binding on this Court. In fact, we addressed, in *Ullery*, the same three time computations discussed in *Matthews*. Neither *New York v. Hill*, 528 U.S. 110, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000), nor *Matthews* address new legal issues regarding time computation. The remaining historical justifications for overruling *Ullery* are neither persuasive, nor based on any factual or legal authority.

¶ 3 Despite my disagreement with the Order's treatment of *Ullery*, I find that Petitioner's extraordinary writ must be denied.

While legislative inaction is not necessarily legislative affirmation, we can assume that the legislature is aware of this Court's interpretation of a statute, and that its subsequent inaction may be interpreted as a validation of that interpretation. *See Bob Jones Univ. v. United States*, 461 U.S. 574, 600–01, 103 S.Ct. 2017, 2033, 76 L.Ed.2d 157 (1983).

Time constraints of the IAD can be waived. *Skinner v. State*, 2009 OK CR 19, ¶ 34, 210 P.3d 840, 853. When the 120 day time limit required by *Ullery* is applied to Petitioner's case, it becomes clear that Petitioner waived his rights under the IAD.[2]

¶ 4 Petitioner waived the protections of the IAD at the conclusion of the preliminary hearing on July 11, 2016. Petitioner and his attorney stood silent when his District Court Arraignment was set for August 8, 2016, a date beyond the 120 day limit of July 23, 2016. The IAD does not create a constitutional right, thus a knowing and voluntary waiver of the protections of the IAD is not necessary. *Yellen v. Cooper*, 828 F.2d 1471, 1474 (10th Cir. 1987).

¶ 5 Petitioner's inaction when the arraignment was set on a date inconsistent with the IAD's time limits, constituted a waiver of the protection of the IAD. Petitioner's explicit waiver was unnecessary in this case. The Court in *Hill*, while not discussing time computation, held that "given the harsh remedy of dismissal with prejudice," willingly accepting treatment inconsistent with the IAD's time limits constitutes waiver. *Hill*, 528 U.S. at 118, 120 S.Ct. at 666. The waiver analysis in *Hill* is applicable in this case.

¶ 6 Petitioner's last minute motion for speedy trial, filed two days prior to the expiration date, does not nullify his waiver. Once Petitioner waived the protections of the IAD, he could no longer reassert the protections, as his waiver constitutes a bar to asserting the IAD protections at a later date. Because of Petitioner's waiver, the State is no longer under a time limitation for the prosecution of this case, other than constitutional and/or other statutory speedy trial concerns.

¶ 7 For these reasons, I concur in the denial of Petitioner's application for an extraordinary writ, but dissent to overruling *Ullery*.

---

**2.** Petitioner does not identify a date on which his trial was to have commenced under the IAD.