McNEELY v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:McNEELY v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 McNEELY v. STATE
2018 OK CR 18
Case Number: MA-2017-770
Decided: 05/24/2018
VICKY PITTMAN McNEELY, Petitioner, v. THE STATE OF OKLAHOMA, Respondent.
Cite as: 2018 OK CR 18, __ __

 

 



S U M M A R Y O P I N I O N




HUDSON, JUDGE: 


¶1 On July 25, 2017, Vicky Pittman McNeely, Petitioner, by and through counsel Jason Edge and Melanie Lander, filed with the Clerk of this Court a Petition for Writ of Mandamus seeking relief from an order entered by the Honorable William D. LaFortune, District Judge, denying McNeely's Motion For Determination of Immunity in Tulsa County District Court Case No. CF-2013-343. Petitioner's request for extraordinary relief is DENIED.

¶2 Petitioner is charged in Case No. CF-2013-343 with one count of Murder in the First Degree for the shooting death of her husband inside their home. Petitioner filed a motion to dismiss the charge based on her claim of immunity from prosecution under 21 O.S.2011, § 1289.25[1], commonly referred to as the Stand Your Ground law (hereinafter "Section 1289.25" or "Stand Your Ground"). In denying the motion, Judge LaFortune determined that McNeely was not entitled to immunity because "it was not the Legislature's intent to include a person's residence, in the context of the use of deadly force as between lawful residents therein, within the meaning of 'any other place' as those words are used in § 1289.25(D)." McNeely seeks an order reversing the District Court's ruling and dismissal of the charge filed against her.

¶3 Petitioner seeks a writ of mandamus and thus indicates her acknowledgement that there is no statutory interlocutory appeal to this Court from the District Court order. Appeal is a creature of statute and exists only when expressly authorized. White v. Coleman, 1970 OK CR 133, ¶ 11, 475 P.2d 404, 406; Weatherford v. State, 2000 OK CR 22, ¶ 3; 13 P.3d 987, 988; Burnham v. State, 2002 OK CR 6, ¶ 6, 43 P.3d 387, 389; City of Elk City v. State, 2007 OK CR 15, ¶ 7, 157 P.3d 1152, 1154. "[U]nless we are vested with original jurisdiction, all exercise of power must be derived from our appellate jurisdiction, which is the power and the jurisdiction to review and correct those proceedings of inferior courts brought for determination in the manner provided by law." In the matter of L.N., 1980 OK CR 72, ¶ 4, 617 P.2d 239, 240. This Court does not engage in interlocutory review of an issue unless the defendant offers some constitutional, statutory, or judicially-created authority for interlocutory review under the circumstance. Smith v. State, 2013 OK CR 14, ¶ 24, 306 P.3d 557, 567. Petitioner offers no such authority in this matter and we find none. The Oklahoma Legislature has not included in Section 1289.25 any statutory right to an interlocutory appeal to this Court on Stand Your Ground issues. 21 O.S.2011, § 1289.25. There is thus no interlocutory appeal to this Court from Judge LaFortune's order, or any other District Court ruling that denies a motion to dismiss charges based on a claim of Stand Your Ground immunity from prosecution under Section 1289.25.

¶4 This Court has previously allowed in a series of unpublished opinions the use of a writ of prohibition as the vehicle to allow a defendant to seek pre-trial review of a trial court's denial of Stand Your Ground immunity from prosecution. See e.g. State v. Ramos, Nos. S-2013-509 and S-2013-510 (Okl.Cr. June 9, 2015) (not for publication). Petitioner argues here that a petition for writ of mandamus is the proper method of challenging the District Court order denying her request for Stand Your Ground immunity from prosecution. Whether through a writ of prohibition or mandamus, we now expressly reject our previous approach to these cases. We hold today that an extraordinary writ proceeding is not cognizable to allow merits review of a District Court's pretrial ruling denying Stand Your Ground immunity. While we recognize a direct appeal is not a true substitute for the interlocutory appeal Petitioner seeks, there is simply no statutorily authorized means under existing law to address the issue pretrial as it is presented here.

¶5 The Rules of this Court specifically state the requirements that must be established before issuance of a writ of mandamus or a writ of prohibition. Before a writ of prohibition will issue, a "[p]etitioner has the burden of establishing (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy." Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018). The purpose of the writ of prohibition is thus to address whether the exercise of judicial power is unauthorized by law, and is not to address the merits of a decision rendered after the exercise of authorized judicial power. Id. When a judge of a district court addresses and decides a defendant's motion to dismiss charges based on a claim of Stand Your Ground immunity from prosecution under 21 O.S.2011, § 1289.25, that judge is exercising judicial power that is sanctioned by law. Judge LaFortune's exercise of judicial power in denying Petitioner's motion to dismiss charges based on a Stand Your Ground immunity claim is not unauthorized by law. Petitioner has thus not established that a writ of prohibition can or should issue in this matter. Rule 10.6(A), Rules, supra.

¶6 Before a writ of mandamus will issue, a "[p]etitioner has the burden of establishing (1) he has a clear legal right to the relief sought; (2) the respondent's refusal to perform a plain legal duty not involving the exercise of discretion; and (3) the adequacy of mandamus and the inadequacy of other relief." Rule 10.6(B), Rules, supra. Stand Your Ground immunity is necessarily a factual determination and thus can never be a clear legal right. Rule 10.6(B), Rules, supra. Petitioner may be able to establish a factual basis for a Stand Your Ground defense; but she cannot establish a clear legal right to the relief of Stand Your Ground immunity from prosecution. Id. Judge LaFortune did not refuse to perform a plain legal duty, and exercised discretion in denying Petitioner's claim of Stand Your Ground immunity from prosecution. Rule 10.6(B), Rules, supra. Reviewing the merits of Judge LaFortune's decision is not the proper function of the extraordinary writ of mandamus. Rule 10.6(B), Rules, supra. Thus, Petitioner has also not established that a writ of mandamus can or should issue in this matter. Rule 10.6(A), Rules, supra.

¶7 The use of the term "immun[ity]" in the Stand Your Ground law is somewhat a misnomer. Immunity is generally defined as an exemption from a duty or liability, as granted by law to a person or class of persons. Black's Law Dictionary 751 (6th ed. 1990); Webster's Third New International Dictionary 1130-31 (1986). Immunity as used in Oklahoma's Stand Your Ground law can be easily misconstrued to mean absolute immunity from prosecution regardless of the underlying facts and circumstances. Yet, the immunity created in section 1289.25 is a conditional immunity meaning that it applies only if certain factual elements are established. See, e.g., People v. Guenther, 740 P.2d 971, 977 (Colo. 1987) (finding Colorado's equivalent Stand Your Ground law provides "conditional immunity" that requires the adjudicatory role of the court to determine if a sufficient factual predicate exists for application of the statute). The applicability of Stand Your Ground is thus entirely dependent on the specific and unique facts and circumstances of the particular incident at issue. See 21 O.S.2011, § 1289.25. The pivotal determination of whether Stand Your Ground applies to any given scenario requires judicial application of the law to the specific facts at hand.

¶8 When criminal charges are filed, the only way courts can truly determine whether a defendant is immune from prosecution under the Stand Your Ground law is for the State to present evidence showing all of the facts and circumstances regarding the commission of the alleged crime; and then for the defendant to present evidence showing why, under all the facts and circumstances of the case, the defendant's use of force was reasonable and justified under the Stand Your Ground law. Such a procedure is the very essence of a criminal prosecution. In other words, a defendant must be prosecuted to some extent in order for Oklahoma courts to determine if he or she is legally not guilty of a crime.

¶9 District Attorneys of Oklahoma should continue to include Stand Your Ground considerations in the exercise of their general discretion and authority to decide what criminal charges should be filed. Okla. Const. Art II, § 17; 22 O.S.2011, § 303; 21 O.S.2011, § 1289.25; see also Woodward v. Morrisey, 1999 OK CR 43, 991 P.2d 1042. Trial courts should continue to use motion hearings and preliminary examination proceedings to address arguments and precepts concerning Stand Your Ground immunity from prosecution. See 22 O.S.2011, §§ 264, 1289.25. We are confident that all due process and statutory Stand Your Ground requirements will be fully satisfied by such efforts even though there are no available appellate challenges for interlocutory Stand Your Ground decisions.

DECISION

¶10 The petition for writ of mandamus asking this Court to overturn the order entered by Judge LaFortune in Tulsa County District Court Case No. CF-2013-343 is DENIED. The application for stay of proceedings is DENIED.

APPEARANCES 

MELANIE LANDER
JASON EDGE
EDGE LAW FIRM
201 W. 5TH STREET, SUITE 550
TULSA, OK 74103
ATTORNEYS FOR PETITIONER

NO RESPONSE REQUIRED


OPINION BY: HUDSON, J.
LUMPKIN, P.J.: SPECIALLY CONCUR
LEWIS, V.P.J.: DISSENT
KUEHN, J.: DISSENT
ROWLAND, J.: SPECIALLY CONCUR



FOOTNOTES


[1] This cited version was in effect on the date Petitioner's alleged crime was committed on January 11, 2013.




 


 



LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCURRING


¶1 I compliment my colleague for a clearly written direct application of the Rule of Law in this matter. I amplify his finding that to abrogate the Rule of Law through the use of a writ of mandamus to affect an unauthorized interlocutory appeal would contravene not only our rules but our precedent.

¶2 I write further to explain why the use of the phrase "immune from criminal prosecution" is a misnomer as to the right and defense set forth in 21 O.S.2011, § 1289.25(F). The District Courts do not have the authority to unilaterally grant immunity. Only the executive branch of the government, i.e., the prosecutor, can propose a grant of immunity. See Mills v. State, 1985 OK CR 58, ¶ 12, 733 P.2d 880, 882 ("[T]he immunity provision contained in Art. II, § 27 of the Oklahoma Constitution [] extends the privilege only to witnesses testifying for the State."); United State v. Apperson, 441 F.3d 1162, 1203-04 (10th Cir. 2006) (holding courts have no inherent authority to grant a witness use immunity in absence of prosecution's deliberate attempt to distort fact finding process); United States v. LaHue, 261 F.3d 993, 1014 (10th Cir. 2001) ("[T]he district court did not abuse its discretion in refusing to grant immunity to the twelve unnamed defense witnesses, because use immunity is the sole prerogative of the executive branch . . . ."). The court's role is only to confirm the immunity which the prosecution has granted. See Harris v. State, 1992 OK CR 74, ¶ 17, 841 P.2d 587, 601 (holding immunity attaches after hearing before court reporter, when court approves written immunity agreement with written order).

¶3 Reading Section 1289.25 as a whole I must conclude that § 1289.25(F) does not grant immunity. State ex. rel. Mashburn v. Stice, 2012 OK CR 14, ¶¶ 11-12, 288 P.3d 247, 250 (setting forth requirement of seeking to reconcile conflicting statutory provisions to give effect to each, if possible, and apply the intent of the Legislature, if it can be properly discerned). Section 1289.25(G) clearly provides for the prosecution of the use of physical or deadly force where there is probable cause to believe that the force was unlawful. Thus, the Legislature did not intend to grant immunity but merely placed a limitation on the prosecution's charging discretion. Cf. State v. Haworth, 2012 OK CR 12, ¶ 18, 283 P.3d 311, 317 (describing prosecutorial discretion in charging). In other words, instead of the use of the word "immune" the Legislature meant "is not subject to prosecution."

¶4 This Court does not engage in interlocutory review of an issue unless there is constitutional, statutory, or clear legal precedent establishing the circumstance. Smith v. State, 2013 OK CR 14, ¶ 24, 306 P.3d 557, 567. Absent a special right to interlocutory appeal, a criminal defendant must hold his complaint unless and until he has been convicted of, and sentenced for, the crime with which he is charged. Id.

¶5 The Legislature has not made any provision for interlocutory or pre-trial appellate review of the right set forth in § 1289.25(F). The right does not otherwise exist. Heike v. United States, 217 U.S. 423, 433, 30 S. Ct. 539, 543, 54 L. Ed. 821 (1910); Scribner v. State, 1913 OK CR 131, 9 Okla. Crim. 465, 132 P. 933, 949; Rule 10.6, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2018). This Court must not afford interlocutory or pre-trial appellate review under these circumstances. To do otherwise would violate the Rule of Law and set us on a course of continually reaching out to address issues just because we might "feel" it was the best course of action rather than whether the law allowed it.


 


 



LEWIS, VICE PRESIDING JUDGE, DISSENTING:


¶1 I respectfully dissent to the Court's needless destruction of the interlocutory review procedure for Stand Your Ground immunity claims established almost three years ago in State v. Ramos. I come not to praise Ramos, but to bury Ramos.[1]

 

¶2 Ramos emerged from a divided Court, and guided the bench and bar without official publication. The Court in Ramos viewed its procedure for pre-trial adjudication and review of Stand Your Ground immunity claims as a logical and practical approach. In three intervening sessions, the Oklahoma Legislature declined to alter the Ramos procedure, and similar interlocutory review is the norm in other states with Stand Your Ground immunity.[2] Yet the logical and practical virtues of Ramos cannot forestall its destruction today. Stare decisis would not have saved it, either. The struggle, as they say, is real.

 

¶3 The Ramos Court reasoned that criminal prosecution and trial of a person entitled to immunity are judicial proceedings unauthorized by law, for which there is clearly no adequate post-trial remedy.[3] The Court pretty much concedes this reality today, and avoids its obvious implications only by misconstruing its original and appellate jurisdiction, as well as its existing authority to arrest unauthorized proceedings by issuing the writ of prohibition.[4] As a result, while some defendants may well be immune from criminal prosecution and trial under the Stand Your Ground law, they must first be criminally prosecuted and tried to see if they are immune. The Court thus turns Stand Your Ground immunity into a present day Catch-22.[5]

 

¶4 Immunity statutes create narrow, but presumably important, legal protections. The Court's ad hoc ruling today in the controversial area of Stand Your Ground immunity diminishes the scope of immunity protections in other circumstances as well.[6] The Legislature now must enact the interlocutory appeal statute that today's new majority demands, or resign the enforcement of immunity statutes to local prosecutors and judges, just as the Court does today. The better-reasoned attempt in Ramos to provide prompt interlocutory review of Stand Your Ground claims has, at last, come to nothing. "Mischief, thou art afoot. Take thou what course thou wilt."[7]

 


FOOTNOTES

 


[1] William Shakespeare, The Tragedy of Julius Caesar, act 3, sc. 2, l. 74, The Complete Pelican Shakespeare 1295 (S. Orgel & A.R. Braunmuller, eds., Penguin 2002)



[2] Wood v. People, 255 P.3d 1136, 1141-42 (Colo. 2011); Bretherick v. State, 170 So. 3d 766, 778 (Fla. 2015)(pre-trial original proceeding or petition for writ of prohibition are proper methods to challenge denial of Stand Your Ground immunity).



[3] The U.S. and Oklahoma Supreme Courts have long recognized that immunity "is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411 (1985). Immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Id. An erroneous denial of immunity is therefore "effectively unreviewable on appeal from a final judgment." Id., 472 U.S. at 527, 105 S. Ct. at 2816, quoted in, McLin v. Trimble, 1990 OK 74, ¶¶ 8, 795 P.2d 1035, 1038.



[4] Article 7, § 4 of the Oklahoma Constitution authorizes the Court of Criminal Appeals, "in criminal matters . . . to issue, hear and determine writs of . . . prohibition." This original jurisdiction to issue writs extends to proceedings in which the relationship of superior and inferior court exists between the Court of Criminal Appeals and the lower tribunal. As the Court of Criminal Appeals possesses exclusive appellate jurisdiction in criminal matters, it also possesses original jurisdiction concerning writs of prohibition, mandamus, and habeas corpus in such proceedings. See Carder v. Court of Criminal Appeals, 1978 OK 130, ¶ 12, 595 P.2d 416, 419. Title 22 O.S.2011, § 9 provides that "[t]he procedure, practice and pleadings . . . in criminal actions or in matters of criminal nature, not specifically provided for in this code, shall be in accordance with the procedure, practice and pleadings of the common law." Prohibition was the common law writ by which a superior court commanded a halt to unlawful proceedings in a lower court. III W. Blackstone, Commentaries on the Laws of England 112 (1769); Pulliam v. Allen, 466 U.S. 522, 532-33, 104 S. Ct. 1970, 1976, 80 L. Ed. 2d 565 (1984); State ex rel. Wester v. Caldwell, 84 Okl.Cr. 334, 339-41, 181 P.2d 843, 847 (1947).



[5] Joseph Heller, Catch-22 (The Modern Library 1961).



[6] A partial list of immunities from criminal prosecution under Oklahoma Statutes includes 10A O.S.2011, § 1-2-104 (granting immunity "from any liability, civil or criminal," for person making good faith report of suspected child abuse or neglect); § 1-2-109(A) (prohibiting child abandonment or neglect prosecution for parent who relinquishes child (7) days old or younger to medical provider or rescuer); § 1-2-109(H)(granting medical provider or child rescuer immunity "from any criminal liability that might otherwise result" from good faith action of receiving a relinquished child); 21 O.S.2011, § 1290.24 (granting immunity from "liability" in connection with handgun licensing); § 1767.4 (granting immunity from "any civil or criminal action or liability" to telephone companies and employees tracing unauthorized calls); 22 O.S.2011 §§ 36, 36.2 (extending the same civil and criminal immunity as a law enforcement officer to citizens aiding peace officers and park rangers); 22 O.S.2011, § 59 (granting "immunity from any liability, civil or criminal," to health care workers reporting suspected domestic abuse); 22 O.S.2011, § 60.26 (granting agencies, law enforcement officers, prosecutors, and state officials immunity "from civil and criminal liability" for enforcing foreign protective orders); 22 O.S.2011, § 736 (granting witness immunity from civil or criminal process for any act prior to entry pursuant to out of state subpoena); 37A O.S.Supp.2017, § 6-126(C) (granting immunity "from criminal prosecution" for intoxicated person who requests emergency medical assistance for an individual who reasonably appeared to be in need of medical assistance due to alcohol consumption, and cooperated with authorities at the scene); 59 O.S.2011, § 1256.2 (granting social worker immunity "from civil liability or criminal prosecution for submitting in good faith" on professional misconduct); 59 O.S.Supp.2016, § 1370.3 (granting immunity from "any civil or criminal liability" resulting from good faith reports that psychologist is practicing while mentally or physically impaired); 70 O.S.2011, § 5-146.1(B) (granting school employee "immunity from all civil or criminal liability" for good faith report of minor involved in gang activity).



[7] The Tragedy of Julius Caesar, act 3, sc. 2, ll. 252-53.




 


 



KUEHN, J., DISSENTING:


¶1 Oklahoma's Stand Your Ground law clearly, if implicitly, includes a right to an interlocutory appeal following a judicial determination of immunity. Under 21 O.S.2011, § 1289.25(f), an individual who uses certain kinds of defensive force against an intruder is "immune from criminal prosecution", which includes both charging and prosecuting. This determination by a district court judge is dispositive. If one is held to be immune from prosecution, then the case is over. If a district court judge finds that an individual is not immune from prosecution, then the criminal case continues.

¶2 The majority finds there is no right for a defendant to appeal because one is not explicitly provided for in the Stand Your Ground statute. This finding disregards the fact that other Oklahoma criminal statutes have been interpreted to include an appeal right where it is not explicitly written in the statute. One example is found in the Interstate Agreement on Detainers Act, 22 O.S.2011, §§ 1345--1349; see Hopkins v. LaFortune, 2016 OK CR 25, ¶ 1, 394 P.3d 1283, 1284. In 1999, this Court found that a defendant had the right to appeal a decision to revoke or terminate participation in Drug Court, although the statute provided no explicit right to appeal. Hagar v. State, 1999 OK CR 35, ¶ 12, 990 P.2d 894, 898. Of course, some criminal statutes explicitly allow or disallow an appeal. 10A O.S.2011, § 2-5-101(G) (order certifying a person as a child or denying the request for certification as a child shall be a final order, appealable when entered); 10A O.S.2011, § 2-5-203 (decision to join multiple youthful offender offenses shall not be appealable as a final order). Because a district court order regarding Stand Your Ground immunity is dispositive, an intermediate appeal is appropriate.

¶3 I agree with Judge Lewis that McNeely's appeal falls under a writ of prohibition. A defendant seeking review from a pretrial decision denying a Stand Your Ground claim must establish that the court has exercised a judicial power unauthorized by law, and that exercise of power resulted in injury for which there is no other adequate remedy. Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2018). Immunity from prosecution, a right which is necessarily lost if a prosecution continues, is exactly the kind of dispositive claim ripe for a writ of prohibition.

¶4 The majority and concurring opinions all refer to the ambiguity of the term "immunity" under the statute, but the intent of the Legislature is clear. If a district court judge finds you are immune under the statute, you are immune from prosecution -- in fact, the statute goes even further and explicitly states you should not be charged with a crime. This language, explicitly granting immunity from criminal prosecution, was added by amendment in 2011, and was not included in any previous version. The amendment proves the Legislature intended "immunity" to mean what it says. We must construe this provision according to the plain and ordinary meaning of its language, as our "fundamental principle" is to give effect to the Legislature's intent. Gerhart v. State, 2015 OK CR 12, ¶ 14, 360 P.3d 1194, 1198.

¶5 The Oklahoma Legislature amended the Stand Your Ground statute to make clear that it includes a right to immunity, distinguishing it from a traditional self-defense claim. On its face, "immunity" means that there will be no further prosecution. According to the procedure we set forth in State v. Ramos, this determination is made by a district court judge. State v. Ramos, Nos. S-2013-509 & S-2013-510, slip op. at 9-10 (Okl.Cr. June 9, 2015) (not for publication) A special judge could only make such a ruling if she was fulfilling the role of a district court judge by agreement of the parties. Therefore, the only avenue of appeal is to this Court.

¶6 The trial court's decision on a Stand Your Ground claim is a final disposition of the issue of immunity from prosecution. While a defendant may raise the issue as a defense at trial, obviously if he is defending against charges during a trial, his right not to be prosecuted no longer exists. The majority as good as admits this when it says that a defendant must be prosecuted "to some extent" to determine whether he is immune. The defendant must establish he is factually entitled to immunity before the statute applies. The majority disregards the fact that this particular factfinding happens before trial begins. In a pretrial hearing the State and defendant present evidence, and the trial court makes factual and legal findings and rules on the Stand Your Ground issue. If the ruling is in the defendant's favor, he goes free. The majority suggests that the presentation of evidence and factfinding which take place in a pretrial hearing is "the essence of a criminal prosecution", comparable to a trial, and thus, it implies, immunity is preserved even if a trial occurs. It is not. The Legislature did not say that a person fitting the parameters of § 1289.25 could be prosecuted to the extent necessary to establish that his use of force was reasonable and justified; nor did it say that immunity is lost when evidence is presented in pretrial proceeding. The Legislature said instead that person "is immune from criminal prosecution and civil action", including "charging or prosecuting the defendant." 21 O.S § 1289.25(F). There is no equivocation in that language.

¶7 I am deeply disturbed by the majority's decision here, which removes all possibility of pretrial appeal from the defendant while preserving the State's right to a pretrial appeal. This Court's previous decisions granted both parties a right to interlocutory review. In fact, this Court has previously allowed the State to appeal a pretrial decision granting Stand Your Ground immunity in two different ways. In Ramos we determined that, because such a decision involves a legal bar to further prosecution, the State could only appeal it under 22 O.S.2011, § 1053(3) as a reserved question of law. Ramos, Nos. S-2013-509 & S-2013-510, slip op. at 8-9.[1] Under a reserved question of law, this Court will answer the question presented, but even if the answer is in the State's favor that particular prosecution remains barred. See, e.g., City of Norman v. Taylor, 2008 OK CR 22, ¶ 8, 189 P.3d 726, 729. However, we held in State v. Cooper that the State may appeal such a decision under 22 O.S.2011, § 1053(4) where a defendant raises Stand Your Ground immunity in a motion to quash, rather than moving to dismiss the charges directly under Stand Your Ground. State v. Cooper, No. S-2014-961, slip op. at 6-7 (Okl.Cr. July 5, 2015) (not for publication). Of course, if this Court grants a State appeal under § 1053(4), the prosecution may proceed. So the State will always have an avenue of appeal from an unfavorable decision below, and may have the opportunity to continue the prosecution, depending on how a defendant happens to raise the issue in the trial court.

¶8 After today's decision, by contrast, defendants cannot appeal at all, and must undergo prosecution (losing their immunity from prosecution) before this Court will even hear their claim. Such a result is fundamentally unfair. Because a trial court's pretrial Stand Your Ground decision is final on the question of immunity, both the State and the defendant should have an equal right to an interlocutory appeal of the decision before this Court. Only that way will both parties be protected and the Legislature's clear intent be preserved.

¶9 Allowing defendants an interlocutory appeal through writ of prohibition -- and thus preserving both legislative intent and parity between the parties -- is not, as my colleagues fear, an act of judicial legislation. Rather, it is "incidental to judicial administration." State ex rel. Haskell v. Huston, 1908 OK 157, ¶ 75, 97 P. 982, 995, 21 Okla.782. We are deciding a question of law, not policy. The Legislature intended that individuals who are immune under the statute should not be prosecuted or even charged. To give effect to this intent and preserve immunity, Stand Your Ground must include an interlocutory appeal. That determination is incidental to the judicial administration of the law as the Legislature wrote it. Id. In its narrow focus on whether a right to appeal is explicitly written in the statute, the majority strips away the explicit language, which is written in the statute, granting immunity from prosecution. The majority thus fails to honor the Legislature's intent that a defendant immune under Stand Your Ground should be free from prosecution. I dissent.


FOOTNOTES


[1] While it may be more common that only issues concerning the facts of the case will arise from a pretrial decision granting Stand Your Ground immunity -- issues clearly not answerable under § 1053(3) -- it is certainly possible that the State will present questions of law which fit squarely within the limits of a reserved question of law. For example, in Ramos the State presented three questions of law, which were answered by this Court. Ramos, Nos. S-2013-509 & S-2013-510, slip op. at 12.




 


 



ROWLAND, JUDGE, SPECIALLY CONCURRING:


¶1 Some may believe today's summary opinion to be about whether McNeely should have a right to appeal a pretrial immunity ruling under 21 O.S.2011, § 1289.25. It is not. It is about whether we, as an appellate court, have the power to fashion such an appeal in the absence of legislative action. We do not.

¶2 In deciding this case we confront no less an oracle than the doctrine of the separation of governmental powers, implicit in the structure of the federal constitution and explicitly stated in the Oklahoma Constitution:

The powers of the government of the State of Oklahoma shall be divided into three separate departments: The Legislative, Executive, and Judicial; and except as provided in this Constitution, the Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others.

Okla. Const. art. IV, § 1.

¶3 Were this Court to craft a right of appeal from a judge or magistrate's ruling on a claim of "Stand Your Ground" immunity, it would in my view constitute legislating in derogation of the separation of powers. The fact that adding such a provision might improve the statute or better effectuate its aims is of no moment, because "it is not our place to interpret a statute to address a matter the Legislature chose not to address, even if we think that interpretation might produce a reasonable result." State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955. See also Immigration and Naturalization Service v. Chadha, 462 U.S. 919, 951, 103 S.Ct. 2764, 2784, 77 L.Ed.2d 317 (1983) ("The hydraulic pressure inherent within each of the separate Branches to exceed the outer limits of its power, even to accomplish desirable objectives, must be resisted.").

¶4 The right to appeal an order or judgment is statutory and this Court has refused to expand existing statutory appellate rights by interpretation. See, e.g., State v. Humphrey, 1947 OK CR 129, 85 Okl.Cr. 153, 155-56, 186 P.2d 664, 665 ("The right of the state to take an appeal is governed by statute and it has been held that the statutory authority cannot be enlarged by construction." (citing State v. Gray, 1941 OK CR 42, 71 Okl.Cr. 309, 111 P.2d 514)). This rule applies with even more force when the question involves not just an expansion of an existing appellate right, but the creation of one which is entirely absent from the statute. "The wisdom of legislative acts is not a matter for the courts to determine. Legislative power not wisdom is the concern of the courts." Ex parte Pappe, 1948 OK CR 128, 88 Okl.Cr. 166, 173, 201 P.2d 260, 263. Appeal is a creature of statute and exists only when expressly authorized. Weatherford v. State, 2000 OK CR 22, ¶ 3, 13 P.3d 987, 988. See also White v. Coleman, 1970 OK CR 133, ¶ 11, 475 P.2d 404, 406.

¶5 Specifically, 22 O.S.2011, § 1051(a) establishes a criminal defendant's statutory right to appeal from a judgment against him or her and provides in relevant part:

An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed . . . .

(emphasis added). An adverse ruling denying immunity under Section 1289.25 is nothing more than an intermediate order made in the progress of the case that is reviewable on direct appeal following conviction, the adequacy of relief at that time notwithstanding. The defendant has been afforded the pretrial opportunity under Section 1289.25 to make his or her case for immunity and that is all the Legislature has provided.

¶6 In State v. Ramos, No. S-2013-509 (Okla.Cr. June 9, 2015) (unpublished), the majority found that review of an adverse immunity ruling falls under this Court's original jurisdiction to issue writs of prohibition and therefore legislative action was unnecessary. Okla. Const. art. VII, § 4. The underlying reasoning focused on what the majority viewed as the unfairness of a right without an adequate remedy because the right to immunity from prosecution "is effectively lost if the defendant is erroneously forced to stand trial." As Judge Hudson's summary opinion points out, the use of the term "immune from criminal prosecution" creates some confusion as it is impossible for one to have absolute immunity from any prosecution when determination of that immunity requires at least some initial prosecution. In any event, the statute gives the accused the right to have a judge rule on his claim of immunity but I find no evidence in the text of this statute that the Legislature intended anything further in the way of interlocutory appeal.

¶7 Assuming for argument one believes such a right does exist: Exactly what are the contours of that right? Does it require an immediate appeal to this Court, or would an appeal to the trial judge or presiding District Judge suffice? Shall it be available to both parties, or only to one or the other? My point is that choices would have to be made in fashioning this right, and the selection of policy choices from among a variety of available options is the very essence of legislating. This Court has recognized:

It is our duty to declare the law as we find it, whether or not we agree as to its policies or purposes. If the law does not meet the approval of the people, they alone, either through the Legislature or the initiative, have the power to change it, not the courts. Judicial legislation is not in accord with popular institutions. Everything in nature legislative, when not incidental to judicial administration, is by express organic provision denied to the judiciary.

State ex rel. Haskell v. Huston, 1908 OK 157, ¶ 75, 21 Okl. 782, 97 P. 982, 995.

¶8 Even were it possible for this Court to create an appellate remedy without doing violence to the doctrine of separation of powers, it could not be done by extraordinary writ without doing violence to our jurisprudence in those two areas. As pointed out in today's summary opinion, one seeking a writ of prohibition must show, among other things, the exercise of judicial authority not authorized by law, but the exercise of authority by a trial judge ruling on the question of immunity is explicitly authorized by law. One seeking a writ of mandamus must show, among other things, a clear legal right to the relief sought and that the trial court is refusing to perform a plain legal duty not involving the exercise of discretion. A trial court's ruling on this issue is the very epitome of an exercise of discretion, and no defendant can show a clear legal right to relief which doesn't exist until this Court makes it exist.

¶9 Had I drafted this statute, I would likely have included some vehicle for review of the initial ruling on the question of immunity. But that belief, however well founded and sincerely held, does not equate to judicial authority where none otherwise exists. Whether or not I think the Legislature has given an accused who claims this immunity enough protection doesn't change the amount of protection the Legislature has clearly given. Where routine policy matters are concerned, garnering the support of a majority of this Court will never be an adequate substitute for garnering the support of a majority of the members of the Legislature.

¶10 Because McNeely has no legal right to interlocutory appeal from Judge LaFortune's Order, she has not shown, nor can she show, that she has a clear legal right to the relief she seeks. I agree the request for Writ of Mandamus should be denied.


 

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1992 OK CR 74, 841 P.2d 597, HARRIS v. STATE
Cited
 1913 OK CR 131, 132 P. 933, 9 Okl.Cr. 465, Scribner v State
Discussed
 2000 OK CR 22, 13 P.3d 987, 71 OBJ 2937, Weatherford v. State
Discussed at Length
 2002 OK CR 6, 43 P.3d 387, 73 OBJ 585, BURNHAM v. STATE
Discussed
 2007 OK CR 15, 157 P.3d 1152, CITY OF ELK CITY v. TAYLOR
Discussed
 2008 OK CR 22, 189 P.3d 726, CITY OF NORMAN v. TAYLOR
Discussed
 2012 OK CR 12, 283 P.3d 311, STATE v. HAWORTH
Discussed
 2012 OK CR 14, 288 P.3d 247, STATE v. STICE
Discussed
 2013 OK CR 14, 306 P.3d 557, SMITH v. STATE
Discussed at Length
 2015 OK CR 12, 360 P.3d 1194, GERHART v. STATE
Discussed
 2016 OK CR 25, 394 P.3d 1283, HOPKINS v. LAFORTUNE
Discussed
 1999 OK CR 43, 991 P.2d 1042, Woodward v. Morrissey
Discussed
 1941 OK CR 42, 111 P.2d 514, 71 Okl.Cr. 309, Oklahoma v Gray
Discussed
 1980 OK CR 72, 617 P.2d 239, MATTER OF L.N.
Discussed
 1947 OK CR 66, 181 P.2d 843, 84 Okl.Cr. 334, Oklahoma ex rel Wester v Caldwell
Cited
 1947 OK CR 129, 186 P.2d 664, 85 Okl.Cr. 153, Oklahoma v Humphrey
Discussed
 1948 OK CR 128, 201 P.2d 260, 88 Okl.Cr. 166, Ex parte Pappe
Discussed
 1970 OK CR 133, 475 P.2d 404, WHITE v. COLEMAN
Discussed at Length
 1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, State v. Young
Discussed
 1999 OK CR 35, 990 P.2d 894, 70 OBJ 2766, Hagar v. State
Discussed
 1985 OK CR 58, 733 P.2d 880, MILLS v. STATE
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 74, 795 P.2d 1035, 61 OBJ 1633, McLin v. Trimble
Discussed
 1908 OK 157, 97 P. 982, 21 Okla. 782, STATE ex rel. HASKELL v. HUSTON
Discussed at Length
 1978 OK 130, 595 P.2d 416, CARDER v. COURT OF CRIMINAL APPEALS
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 1289.25, Physical or Deadly Force Against Intruder
Discussed at Length
 21 O.S. 1290.24, Immunity
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 303, Subscription, Endorsement, and Verification of Information - Excusing Endorsement
Cited
 22 O.S. 59, Immunity from Liability for Reporting Domestic Abuse
Cited
 22 O.S. 60.26, Immunity
Cited
 22 O.S. 9, Common Law
Cited
 22 O.S. 36, Civil and Criminal Immunity for Private Citizens Aiding Police Officers
Cited
 22 O.S. 264, Order Holding Defendant to Answer
Cited
 22 O.S. 736, Immunity of Witness from Another State
Cited
 22 O.S. 1051, Right of Appeal - Review - Corrective Jurisdiction - Procedure - Scope of Review on Certiorari
Cited
 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
 22 O.S. 1345, Short Title
Cited
Title 59. Professions and Occupations
 Cite
Name
Level

 59 O.S. 1256.2, Social Worker to Report Certain Conduct
Cited
 59 O.S. 1370.3, Duty to Report Psychologist Suspected of Practicing While Impaired or Incapacitated
Cited
Title 70. Schools
 Cite
Name
Level

 70 O.S. 5-146.1, Reporting Suspected Gang Activity - Immunity From Liability
Discussed
Title 37A. Alcoholic Beverages
 Cite
Name
Level

 37A O.S. 6-126, ABLE Commission Notification Upon Arrest of a Licensee - Immunity from Prosecution for a Person who Requests Medical Assistance for Intoxicated Individual
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA